## YEAGER & FLATO v. FOCKE, WILKENS & LANGE.

### No. 464.

**1. Venue — Plea of Privilege.**— Defendants, residing in Fayette County, had an account current with plaintiffs, who resided and did business in Galveston.. The items of the account consisted of drafts payable in Galveston, and notes due by the defendants to third parties and payable in Galveston, which had been paid for defendants by plaintiffs. In the drafts the plaintiffs were instructed to charge to the account of the drawers, and in fifty-nine of them, including the first and last drafts drawn. the defendants, the drawers, instruct the plaintiffs to charge the amount " to current account with you, which is payable at Galveston, Texas." and it was proved that no other account existed between the plaintiffs and defendants except the one sued on. *Held*, that the suit was properly brought in Galveston, Texas.

**2. Dissolution of Partnership—Assumption of its Debts by New Firm.**—The facts that a firm which was indebted to the plaintiffs dissolved, and two of its members sold out to a third person, who with the remaining member of the old firm formed a new partnership, and assumed the debts of the old firm, and that plaintiffs were notified of these facts, and afterwards did business with the new firm, and during the time they did business with the new firm received remittances and shipments sufficient, if they had been applied to the payment of the debt of the old firm, to have extinguished it, will not release the members of the old firm from their primary liability to plaintiffs for the debt, nor make that liability only secondary.

ON REHEARING.

**3. Plea of Privilege.**—Upon a rehearing, one item of the account is found not to be payable in Galveston, and the plea of privilege is sustained as to that item.

APPEAL from Galveston.    Tried below before Hon. W. H. STEWART.

*Brown, Lane & Jackson* and *Austin & Rose*, for appellants.—1. The court erred in admitting in evidence fifty-nine drafts drawn on plaintiffs by defendants in favor of various persons, and paid by plaintiffs, and referred to in the account sued on by plaintiffs in this cause, the first of said drafts being as follows, to-wit:

" $30.25.                              SHINER, December 28, 1889.

" Pay to the order of Lavaca Bank thirty and $\frac{25}{100}$ dollars, value received, and charge to current account with you, which is payable at Galveston, Texas.

   " No. ———.                              YEAGER & FLATO.

" *To Focke, Wilkens & Lange, Galveston.*"

Each of the other of said drafts being an exact duplicate of said first mentioned draft except as to date, amount, and payee; because said drafts do not constitute any contract to pay the amounts of money specified therein, or any other sum of money, in Galveston County, Texas, and do not stipulate for the payment of the indebtedness sued on in this cause, or any part thereof, in Galveston County, Texas. Rev. Stats., art. 1198; Cohen v. Munson, 59 Texas, 236; Lindheim v. Muschamp, 72 Texas, 33; Hilliard Bros. v. Wilson, 76 Texas, 180.

2. The court erred in admitting in evidence the following promissory note, the balance of $494.63 thereon having been paid by plaintiffs, and referred to in the account sued on by plaintiffs in this cause, to-wit:

" $671.63.          494.63.          SHINER, Texas, April 15, 1890.

.  " Six months after date we promise to pay to the order of Naumburg, Kraus, Lauer & Co. six hundred and seventy-one $\frac{63}{100}$ dollars, at the office

of Focke, Wilkens & Lange, Galveston, Texas, with current rate of exchange on New York, value received.

"YEAGER & FLATO.

" No. 3157, due October 18, 1890."

Because said note does not constitute any contract for and does not stipulate for the payment of the indebtedness sued on in this cause, or any part thereof, in Galveston County, Texas.

3. When a member of a partnership retires from a firm, and the remaining members assume and agree to pay the firm's debts, and these facts are known to the firm creditors, the remaining members become, as to such debts, the principal debtors, and the retiring member the surety, and the firm creditors dealing with the remaining members of such firm are bound to observe this relationship at their peril. Gourley v. Tyler, 4 Willson's C. C., sec. 215; Brandt on Sure. and Guar., sec. 23; Bayl. on Sure. and Guar., 481; Colgrove v. Tallman, 67 N. Y., 95; Mildred v. Thorn, 56 N. Y., 402; Oakley v. Pashelee, 10 Bligh, 548; Leithauser v. Baumeister, 47 Minn., 151.

*Willie, Campbell & Ballinger,* for appllees.— 1. The court did not err in admitting in evidence, on the trial of defendants' plea of personal privilege, the drafts and notes referred to in said assignments of error and propositions thereunder, because fifty-nine of those drafts are contracts in writing to pay plaintiffs the current accounts sued on in this case, in Galveston, Texas, and all of said drafts and notes were drawn and signed by defendants, paid by plaintiffs, and when paid charged to defendants by their request in the current account attached to plaintiffs' petition, which was the only account kept between them. Durst v. Swift, 11 Texas, 273; Barrow v. Phillio, 14 Texas, 346; Henry v. Fay, 2 Willson's C. C., sec. 835; Mann v. Clapp., 1 W. & W. C. C., sec. 503; Phillips v. Adkins, 1 W. & W. C. C., sec. 292.

2. While the transaction between F. P. Yeager, H. N. Flato, A. W. Heindrichs, and Yeager & Heindrichs might between themselves make Yeager & Heindrichs principals and Yeager & Flato sureties for the debt sued for, under the facts of this case plaintiffs' right of action was against Yeager & Flato, the defendants, as principal debtors, and the court did not err in rendering judgment against them as such in favor of plaintiffs. Kirwan v. Kirwan, 2 Crompton & Messon, 616; Coll. Law of Part., 6 ed., sec. 599; Story on Part., 7 ed., sec. 158; Pars. on Part., 2 ed., 423, 424, 437; Harris v. Lindsay, 4 Wash. C. C., 98, 271; Faulkner v. Hill, 104 Mass., 188; Mason v. Tiffany, 45 Ill., 392; Conwell v. McCowan, 81 Ill., 287; Fensler v. Prather, 43 Ind., 119; Story on Part., 7 ed., sec. 163.

3. It appears from the evidence that all payments made plaintiffs by the firm of Yeager & Heindrichs were credited to them by plaintiffs in the account they kept with them, and there were no payments made on ac-

count of the indebtedness due plaintiffs by the firm of Yeager & Flato, either by the latter firm or the firm of Yeager & Heindrichs after plaintiffs opened an account with Yeager & Heindrichs.    Bedford v. Deakin, 2 Stark, 178; Yarnell v. Anderson, 14 Mo., 619; Smith v. Rogers, 17 Johns., 340; Pars. on Part., 2 ed., 441.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment rendered by the District Court of Galveston County for the appellees, against Ferdinand P. Yeager, Henry N. Flato, and Henry W. Yeager, Jr., who composed the mercantile firm of Yeager & Flato.   The plaintiffs, Focke, Wilkens & Lange, were wholesale grocers and cotton factors doing business in Galveston, and defendants were doing business at Shiner, Texas, and the suit was for the recovery of a balance alleged to be due on an account carried between the two firms, with interest on same, and for attorney fees.   The petition alleged, that the defendants were residents of Fayette County, and that they had contracted in writing to pay to plaintiffs in the city of Galveston the account sued on.

The defendants pleaded their privilege to be sued in Fayette County, and they answered by general and special exceptions and general denial. The exceptions, general and special, were overruled.   The defendants Ferdinand Yeager and Henry N. Flato, in addition to the plea of general denial, specially answered, that the firm of Yeager & Flato was dissolved about the 1st of July, 1890, and that they, the said Ferdinand P. Yeager and Henry N. Flato, sold out their interest in said firm and in the property belonging thereto to their codefendant, Henry W. Yeager, Jr., and one A. W. Heindrichs, who at once formed a copartnership under the firm name of Yeager & Heindrichs; that by the terms of the sale the said Yeager & Heindrichs acquired all the assets and assumed all the liabilities of said firm of Yeager & Flato; that plaintiffs were duly notified of said sale and the terms thereof, and that upon the formation of said firm of Yeager & Heindrichs plaintiffs commenced doing business with said firm; that during the time this business continued, Yeager & Heindrichs made large and frequent remittances of money and shipments of cotton, which said remittances and shipments, if they had been applied as they should have been by plaintiffs to the payment of the account sued for, the same would have been liquidated and fully paid; that the defendants were never advised by plaintiffs that they would look to them for the indebtedness sued on in this case, until after the firm of Yeager & Heindrichs had failed.

The case was tried by the court without a jury, and on the 18th of March, 1893, judgment was rendered for the sum of $7987.22, with interest from the 1st of January, 1891.   The judge filed conclusions both of fact and of law, and to these defendants excepted.

The facts, as we deduce them from the record, are substantially these: The account sued on consisted on the debit side of moneys advanced by plaintiffs for defendants in payment of the drafts of the latter, and of several promissory notes executed by defendants to third parties, and made payable at the office of plaintiffs in the city of Galveston, and of merchandise sold to defendants by plaintiffs, the items of merchandise constituting but a small portion of the debits. The credit side of the account consisted of moneys remitted by defendants and moneys received from sales of cotton shipped by defendants to plaintiffs, and several small sums collected by the latter for account of defendants. The account commenced sometime prior to the 31st of December, 1889, and was continued till the 18th of October, 1890.

On the 31st day of December, 1889, the balance against defendants was .$3725.80. Statement of the account showing this balance was furnished to defendants, and by letter of January 18, 1890, addressed to plaintiffs by defendants, defendants acknowledge receipt of the stated account,. and admit its correctness.

The balance against defendants on the 30th of June, 1890, was $8322.29.. Statement of the account up to this date was also furnished defendants, and by letter of date July 16, 1890, they acknowledge the receipt of the statement and admit the correctness of the account.

No credits appear on the account after the 30th of June, 1890; but. plaintiffs in July paid several drafts drawn on them by defendants, and one promissory note, due by defendants, and made payable at the office of plaintiffs.

About the middle of June, 1890, the defendants Ferdinand P. Yeager and Henry Flato sold their interest in the assets of the firm of Yeager & Flato to one A. W. Heindrichs, and the latter and Henry W. Yeager, Jr., formed a copartnership, under the name of Yeager & Heindrichs. This latter firm, by the terms of the sale, assumed all the debts of the firm of Yeager & Flato. The plaintiffs received notice of the dissolution of the firm of Yeager & Flato and the sale to Heindrichs, and the formation of the partnership of Yeager & Heindrichs, and the assumption by the latter of the liabilities of the former firm about the 1st of August, 1890, by letters addressed to plaintiffs from both of said firms.

Notwithstanding the firm of Yeager & Flato was dissolved on the 14th of June, 1890, plaintiffs continued to receive and to pay during the succeeding month drafts drawn on them by Yeager & Flato. The new firm of Yeager & Heindrichs commenced business with.plaintiffs about the 1st of August, and continued to do business with them until sometime in October, 1890.

November 10, 1890, the firm of Yeager & Heindrichs failed, and sold their entire assets to Ferdinand P. Yeager and Henry N. Flato, who were then doing business at Flatonia, Texas, under the name of H. W. Yeager

Sons.  At the time of the failure of Yeager & Heindrichs, their account with plaintiffs showed a balance against the latter of $1783.53, which balance was credited by plaintiffs on the current account sued on.

In addition to the admissions by defendants in their letter of the 18th of January, 1890, and the 16th of July, 1890, the items of the account sued on were established by the testimony of two of the plaintiffs.  To sustain their averment that defendants had contracted with them in writing to pay their account in Galveston, plaintiffs put in evidence sixty-nine drafts drawn by defendants on plaintiffs and by them paid, and in ten of these drafts the drawees are requested to pay the amount and charge to drawers' account; and in fifty-nine of said drafts the drawees are requested to pay the amount and "charge to current account with you, which is payable in Galveston."  The first of the above fifty-nine drafts is dated December 28, 1889, and the last is dated July 25, 1890; the first of the above ten drafts is dated February 17, 1890, and the last is dated June 9, 1890.  The plaintiffs also proved the payment by them of two promissory notes executed by defendants, and made payable to the order of Kraus, Lauer & Co., at the office of plaintiffs in Galveston, with current rate of exchange on New York.

Prior to the failure of Yeager & Heindrichs plaintiffs corresponded with Yeager & Flato, addressing them under their firm name of H. W. Yeager Sons, in reference to the account sued on, and requested payment of the same.  Subsequent to this correspondence, Flato, of the former firm of Yeager & Flato, came to Galveston and made an agreement with the plaintiffs to pay one-third cash of the account, and to secure the payment of the balance in two installments notes were to be executed by Henry W. Yeager, Jr., and A. W. Heindrichs and endorsed by the said Henry N. Flato and Ferdinand P. Yeager.  Flato returned home for the purpose of consummating this agreement, but he failed to do so; and just after his return from Galveston, himself and Ferdinand P. Yeager bought the entire assets of Yeager & Heindrichs, and on the 17th of November, about one week after this purchase, the said Ferdinand P. Yeager and H. N. Flato made an assignment, and in their list they did not include the plaintiffs.

Plaintiffs did not charge the account sued on to Yeager & Heindrichs when that firm commenced business with them; the account with that firm was kept separate from the one sued on.

There was evidence admitted, over the objection of defendants, showing the amount of the assets of the firm of Yeager & Heindrichs at the time of their failure, and the consideration of the sale made by that firm to Ferdinand P. Yeager and H. N. Flato.  The evidence was that the assets were of about the value of $15,000, and that no money was paid by Yeager & Flato.  The balance due to them, about $5000, upon the sale made in June to Heindrichs was cancelled, and the purchasers assumed

certain debts due by Yeager & Heindrichs, and for which the purchasers Ferdinand F. Yeager and Flato were already liable as sureties. This cancellation of the $5000 debt and the assumption of the debts due from Yeager & Heindrichs constituted the consideration of the sale of their assets to the firm of H. W. Yeager Sons, composed of Ferdinand P. Yeager and H. N. Flato.

This evidence further showed, that at the time of the dissolution of the firm of Yeager & Flato and the sale to Heindrichs, the assets of the firm were of the approximate value of $14,000, and that the interest of Henry W. Yeager, Jr., in these assets was one-half, and that of Ferdinand P. Yeager and Henry N. Flato was one-fourth each, and that Heindrichs paid in cash to Ferdinand P. Yeager and Flato for their share $1000. And the assets of the firm of Yeager & Heindrichs at the time of the sale by them to H. W. Yeager Sons, were estimated to be worth $15,000, and at this price they were purchased by the last named firm, composed, as before said, of Ferdinand P. Yeager and H. N. Flato.

The appellants have made eighteen assignments of error, which have been presented by counsel with ability and much learning, by both brief and oral argument.

The defense to the suit is based on two grounds; first, that the plaintiffs' cause of action, if any they have, could not be maintained in Galveston County over defendants' objection made in their plea of privilege; and second, defendants Ferdinand P. Yeager and H. N. Flato, if liable for the payment of the account sued on, are liable only as sureties for the defendant Henry W. Yeager and A. W. Heindrichs; and the last named not being a party to the suit, and no reason alleged why he is not a party, no judgment can be rendered against the defendants Flato and Ferdinand Yeager.

The fifty-nine drafts were, we think, properly admitted in evidence to sustain the averment of the petition that the defendants contracted in writing to pay their account with plaintiffs in the city of Galveston. While the ten drafts and two promissory notes, and the two letters from Yeager & Flato to plaintiffs bearing date respectively January 18, 1890, and July 16, 1890, which were admitted in evidence over defendants' objections, may not be admissible to prove a contract in writing by defendants to pay the account in Galveston, the papers were each admissible for the purpose of proving the account in whole or in part; and therefore, as the cause was tried by the judge and not by a jury, the error in admitting them, if error there was, was a harmless one. The account, it will be observed, consists largely of moneys advanced by plaintiffs in payment of the sixty-nine drafts drawn by defendants on plaintiffs between the 28th of December, 1889, and the 25th of July, 1890; in ten of these drafts, drawn between these said dates, while the drawers do not refer to

their account with plaintiffs as payable in Galveston, they do request that the amount of each draft be charged to the "account of the drawers," thereby admitting that they have an account with the drawees. In each of the other fifty-nine drafts, including the first and the last, which was drawn, the drawers direct the drawees to charge the amount to "current account with you, which is payable at Galveston, Texas."

These drafts, in connection with proof that no other account existed between the plaintiffs and defendants than the one sued on, in our judgment, met the requirements of the fifth exception to article 1198 of the Revised Statutes, and evidenced a contract in writing by the defendants to pay their account with plaintiffs in the city of Galveston.

The contention by defendants Ferdinand P. Yeager and H. N. Flato, that because the firm of Yeager & Heindrichs contracted with said defendants to pay the liabilities of the firm of Yeager & Flato, including the debt sued for, and because plaintiffs were notified of this agreement, and afterwards failed to apply funds in their hands belonging to the firm of Yeager & Heindrichs to the liquidation of the account sued on, no recovery can be had in this suit against the said Ferdinand Yeager and said Flato, is, in our judgment, neither consonant with reason nor law. We have examined the leading authorities cited by appellants, and with all deference to counsel, their citations do not, we think, sustain their proposition. There is nothing whatever in the evidence tending to show that the plaintiffs ever agreed to release Ferdinand Yeager and Flato from their obligation as principals, and to accept them as sureties of H. W. Yeager and A. W. Heindrichs. It is true that as between themselves, Yeager & Heindrichs and Ferdinand Yeager and Flato, the latter were only sureties for the payment of plaintiffs' debt; and if the plaintiffs, knowing that such was the relation of these parties, had extended time for the payment of their debt, without the consent of Ferdinand Yeager and Flato, or if the plaintiffs had refused or neglected to force a collection of the debt after request of Ferdinand Yeager and Flato, or either of them, to do so, plaintiff would not be permitted to recover from the principal after the surety had become insolvent. There was no request from Ferdinand Yeager or from defendant Flato, at any time while the firm of Yeager & Heindrichs was in business, that plaintiffs should compel payment of the debt sued on from that firm.

There is nothing in the evidence to show that either Ferdinand Yeager or Flato expected appellees to press the collection of their debt, and appellees committed no wrong or injury to Ferdinand Yeager and Flato, nor violated any duty to them, by applying funds in their hands belonging to Yeager & Heindrichs to payment of advances made to that firm rather than to payment of the account sued on. The business between the firm of Yeager & Heindrichs and that of appellees seems to have been

conducted just as the business had been conducted between the latter firm and that of Yeager & Flato. The evidence tends to show that Ferdinand P. Yeager and H. N. Flato received from the firm of Yeager & Heindrichs in November, 1890, assets of greater value than the assets transferred to the latter firm by Yeager & Flato in June, 1890, and that in fact Ferdinand P. Yeager and H. N. Flato sustained no loss by the failure of Yeager & Heindrichs.

Under the facts of this case, it would seem that no other judgment than that rendered by the trial judge could have been properly rendered, and it is therefore affirmed.

*Affirmed.*

Delivered February 22, 1894.

### ON MOTION FOR REHEARING.

PLEASANTS, Associate Justice.—Upon reviewing the judgment of affirmance rendered in this cause on a former day of the term, we are of the opinion that the court erred in affirming the judgment appealed from, to this extent: One item of the account sued on was for the sum of $494.63, paid by plaintiffs on October 18, 1890, in full of balance due on the note of Yeager & Flato for $671.63, payable to the order of Naumberg, Kraus, Lauer & Co. Prior to the payment of this balance, the firm of Yeager & Flato had been dissolved, and the account current between that firm and appellees had been closed. As to this item, we think the appellants' plea of privilege should have been allowed by the trial court. Our judgment of affirmance is therefore set aside, and the judgment of the District Court will be reformed by deducting from the sum adjudged for appellees the item of $494.63, with interest on that amount at the rate of 6 per centum per annum from the 1st of January, 1891, to the 18th of March, 1893, the day on which the judgment was rendered. In every other respect the judgment will be affirmed, and as here reformed, it will bear interest at the rate of 6 per centum per annum from the 18th of March, A. D. 1893.

*Reformed and affirmed.*

Delivered March 15, 1894.