HARRIS et al. v. SALVATO. (No. 5486.)

(Court of Civil Appeals of Texas. Austin. April 14, 1915.)

JUSTICES OF THE PEACE ☞72—VENUE.

Defendants, residents of one county, sold feed to plaintiff, who was doing business in another, sending bills of lading with drafts attached to a bank located in a third county. Plaintiff paid the drafts, received the bills of lading, and reshipped the feed. There was a shortage. Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, declares that every suit in justice court shall be commenced in the county in which the defendant shall reside, while subdivision 4 declares that suits upon a contract in writing and promising performance at any particular place may be brought in the county where the contract is to be performed. *Held,* that the transaction in effect constituted a written promise to perform the contract in the county where the drafts were paid, and plaintiff might there maintain an action in justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 56, 143–145, 235; Dec. Dig. ☞72.]

Appeal from Robertson County Court; J. L. Goodman, Judge.

Action by Carlo Salvato against R. G. Harris and another, begun in justice court and appealed to the county court. From a judgment there for plaintiff, defendants appeal. Affirmed.

Geo. A. Watts, of Franklin, for appellants. Lane, Johnson & Killough, of Hearne, for appellee.

RICE, J. In December, 1913, R. G. Harris and H. P. Harris, appellants, were conducting a grain business at McKinney, Collin county, Tex., and appellee was merchandising at Steele's Store in Brazos county. He ordered from appellants two cars of feed, one of corn and one of alfalfa hay, which were shipped to him in January thereafter by appellants through their correspondents, and at the time of said shipment appellants drew drafts on appellee with bills of lading attached, through the First National Bank of Hearne, Tex., for the price of said corn and hay; said cars being billed to "shipper's order." Upon the arrival of said cars at Hearne, the appellee, in order to obtain possession of said corn and hay, was required to pay said drafts to said bank, which he did, who turned same over to him, together with the bills of lading, and, upon presentation of the latter to the railroad company, said cars of corn and hay were delivered to appellee, who had same forwarded to his store in Brazos county. It is clearly shown by the evidence that said cars did not contain the quantity of hay and corn ordered and invoiced to appellee, the same being short to the extent of 27½ bushels of corn and 4¾ tons of hay, which at the prices charged by appellants therefor amounted to the sum of $123.87½, for which amount appellee filed his suit against appellants in the justice's court at Hearne, Robertson county, claiming: First, that by virtue of said transaction appellants had obligated themselves in writing to perform said contract at Hearne, in Robertson county; and, second, that they knew of said shortage prior to drawing said drafts, by reason of which they had undertaken to perpetrate a fraud upon appellee through the bank, who was an innocent agent, wherefore he was entitled to maintain this action in Robertson county. The only defense interposed was a plea of privilege, duly filed on the part of appellants, alleging that they were residents of Collin county, and prayed that the suit be abated. This plea was by the court overruled, and judgment rendered for appellee in the amount claimed, from which appellants appealed to the county court. When the case was called for trial there, appellants filed an amended plea of privilege. The court, after hearing the evidence, overruled the same and rendered judgment in behalf of appellee for the sum of $123, from which this appeal is prosecuted, appellants urging that the court erred in overruling their plea of privilege, and this is the sole question to be determined.

Article 2308, Vernon's Sayles' Civ. Stats., provides that:

"Every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides, except in the following cases and such other cases as are or may be provided by law."

One of the exceptions named is contained in subdivision 4 of said article, which provides as follows:

"Suits upon a contract in writing, promising performance at any particular place may be brought in the county and precinct in which such contract was to be performed."

Appellee insists that this subdivision authorizes the bringing of this suit against appellants in Robertson county under the facts heretofore stated, in which contention we agree with him. Upon the payment by appellee of the drafts with bills of lading attached, appellants became obligated to deliver to him the amount of corn and hay so paid for, and entitled appellee to maintain this suit, for a breach of said covenant, in Robertson county. The transaction, in effect, constituted a written promise on the part of appellants to perform the contract at Hearne, which authorized appellee to bring suit for

its breach at said place; for which reason we conclude that the court properly overruled the plea of privilege, and rendered judgment for appellee. See Seley v. Williams, 20 Tex. Civ. App. 405, 50 S. W. 399; Callender, Holder & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 367; Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787; Yeager v. Focke, 6 Tex. Civ. App. 542, 25 S. W. 662; Morrison v. Jalonick, 1 White & W. Civ. Cas. Ct. App. § 778.

The evidence failed to show any fraud on the part of appellants, as alleged; but, for the reasons hereinbefore indicated, the judgment of the trial court is affirmed.

Affirmed.

&⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes