WATSON v. HOWE GRAIN & MERCANTILE CO. (No. 2096.)

(Court of Civil Appeals of Texas. Texarkana. July 3, 1919.)

VENUE ⬥⟳22(1) — PLEA OF PRIVILEGE OF NONRESIDENT DEFENDANT IMPROPERLY OVERRULED.

In an action by a grain company against the seller of hay to it, and the receivers of the railroad which carried the shipment, to recover damages for loss resulting from delivery of an inferior quality of hay, short in weight, the trial court erred in overruling plea of privilege of the seller of the hay, a resident of a county other than that of suit; the railroad receivers not residing in the county of suit, to make applicable Rev. St. art. 1830, exception 4, and the contract not being written to bring the case under exception 5.

Appeal from District Court, Grayson County; I. B. Steed, Judge.

Suit by the Howe Grain & Mercantile Company against H. H. Watson and the receivers of the Texas & Pacific Railway Company. From a judgment overruling defendant Watson's plea of privilege, he appeals. Reversed and remanded, with instructions.

E. M. Bramlette, of Longview, for appellant.
Webb & Webb, of Sherman, for appellee.

HODGES, J. The appellee sued the appellant, Watson, and the receivers of the Texas & Pacific Railway Company, in Grayson county, to recover damages for the loss resulting from a shipment of hay. It was alleged that the appellee purchased from the appellant, Watson, several carloads of hay, which were to be of certain grades, with a guaranty of quality and weights at destination, that the hay when delivered was of inferior quality, and that the weights were less than those paid for by the appellee.

The only question presented in this appeal is the action of. the court in overruling the appellant Watson's plea of privilege. It was agreed that Watson resided in Gregg county and that the receivers of the Texas & Pacific Railway Company did not reside in Grayson county; that such county was not the domicile of the receivers; that the principal offi-

cer of the Texas & Pacific Railway Company was and had been continuously in Dallas county, in the state of Texas, but that the receivers had a local agent in Grayson county, upon whom service might be had. It was further agreed that Watson's plea of privilege was filed in due order, and was not prejudiced by any continuance of the case. The statement of facts contains the testimony of only one witness, A. D. Cowan, the sales manager for the appellee. He testified, in substance, that in a phone conversation between him and Watson the latter sold to the Howe Grain & Mercantile Company, through him (Cowan), the hay referred to. The parties agreed over the phone on the price of the hay, and the trade was closed in that conversation. In the conversation the price was agreed on, and the freight was to be allowed to group 1 Texas points. The grade of the hay was guaranteed, and also the weight within 2 per cent.; the purchase price to be settled by paying Watson's draft on the Howe Grain & Mercantile Company, with bill of lading attached. At the time of that telephone conversation the hay was on the track at Longview, Tex., and it was agreed and understood that it was to be diverted to Dallas, Tex., and that the Howe Grain & Mercantile Company should have the privilege of diverting a second time on the through freight rate to any point they saw fit, without releasing any part of the terms of the contract. In pursuance of that telephone conversation the Howe Grain & Mercantile Company mailed to Watson, at Longview, Tex., a confirmation setting forth the terms upon which the hay was purchased. The hay was diverted by Watson, at the request of the Howe Grain & Mercantile Company, to Ft. Worth, Tarrant county, Tex., and to Lufkin, in Angelina county, Tex.

In the telephone conversation it was not specifically stated that Grayson county was to be the destination of any part of the hay, and there was no agreement on the part of Watson to deliver the hay in Grayson county; but under that agreement the Howe Grain & Mercantile Company had the privilege of diverting the hay the second time to any other destination, and a part or all of it could have been shipped to Grayson county. In the written confirmation of the Howe Grain & Mercantile Company, which was mailed on the date of the telephone conversation, Watson was requested to send drafts with bills of lading attached covering the hay through the Farmers' National Bank at Howe, in Grayson county, Tex. It was not necessary to send the letter of confirmation, for the trade was closed in the telephone conversation; but the letter was sent out in accordance with the custom of the trade and of the Howe Grain & Mercantile Company's office. It was not a part of the contract that the drafts would be sent to the Farmers' National Bank at Howe, Tex., but Watson was requested to draw his drafts for collection through that bank for the convenience of the Howe Grain & Mercantile Company; that being the usual and customary manner of collecting money in that kind of transaction. Watson's drafts were all paid in Howe, Grayson county, Tex. Upon that state of facts the court overruled the appellant's plea of privilege, and this appeal followed.

It is not contended by the appellee in his brief that the joinder of the receivers of the railway company in that suit justified the action of the court in refusing to sustain Watson's plea. Exception 4 to article 1830 of the Revised Civil Statutes is as follows:

"Where there are two or more defendants residing in different counties, in which case the suit may be brought in any county where any one of the defendants resides."

The principal ground relied on by the appellee to sustain the ruling of the court is that the contract in this instance was in writing and comes under the provisions of exception 5 to article 1830 of the Revised Civil Statutes. The testimony does not sustain that construction. It appears from the evidence quoted that the contract was completed in the conversation over the phone, and that the letter added nothing to its provisions. The cases referred to by the appellee as sustaining the ruling of the court are, we think, inapplicable.

We are of the opinion that the court erred in overruling the plea of privilege, and the case will therefore be reversed and remanded, with instructions to transfer it to Gregg county. S. W. Grain & Seed Co. v. Blumberg, 162 S. W. 1.