## GOTTLIEB v. AINSWORTH et al. (No. 6527.)

(Court of Civil Appeals of Texas. San Antonio. March 3, 1921. Rehearing Denied March 30, 1921.)

Venue ⬦7—Contract for sale of corn held made and performable in county of defendants' residence.

Where cars of corn were sold over the telephone by defendants, residents of Karnes county, to plaintiff, a resident of Williamson county, the corn to be shipped in Karnes county, the contract was made there and to be performed there, and the venue of plaintiff buyer's action was properly changed to such county, though plaintiff buyer, after the telephone conversation, immediately wrote the terms of the contract down and sent a letter of confirmation to defendant sellers stating the corn was to be billed to a point in Williamson county and demand drafts with bills of lading attached would be paid on presentation.

Appeal from Williamson County Court; F. D. Love, Judge.

Suit by J. Gottlieb against James W. Ainsworth and others. From an order sustaining plea of privilege and changing venue, plaintiff appeals. Judgment affirmed.

Melasky & Moody, of Taylor, for appellant.
John W. Thames, of Kenedy, and Wilcox & Graves, of Georgetown, for appellees.

FLY, C. J. Appellant sued appellees, James W. Ainsworth, Otto E. Ainsworth, and Oliver C. Ainsworth, on an alleged written contract, for the sum of $360, alleged to be due as damages arising from a failure to deliver three carloads of corn to him. Appellees filed their plea of privilege to be sued in Karnes county, Tex., which was controverted by appellant. Upon a hearing the court sustained the plea of privilege and ordered the venue changed to Karnes county. From that order this appeal has been perfected.

The claim is made by appellant that he had a conversation, over a long-distance telephone line, with appellees in Karnes county, in which it was agreed that appellees would sell to appellant three cars of corn at $1.10 per bushel of 75 pounds, f. o. b. at Kenedy, Tex.; that appellant immediately wrote the terms of the parol contract down and sent a letter of confirmation of the same to appellees. That letter stated that the corn was to be billed to Taylor, Tex., and that "demand drafts with bills of lading attached" would be paid on presentation. The letter was signed, "Taylor Grain & Elevator Co., by J. Gottlieb." Appellees signed no writing and never at any time agreed to perform any part of the contract in Williamson county. They were to deliver the corn on the cars at Kenedy and send a bill of lading with draft attached to appellant at Taylor. They were not bound to do anything in Williamson county, all being done in that county by appellant. If, however, appellees had signed the letter written by appellant, it would not have brought the matter within the terms of exception 5, to article 1830, Rev. Stats., which is:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

In Southwestern Grain & Seed Co. v. Blumberg, 162 S. W. 1, this court stated the case as follows:

"The contract for the purchase of the corn was a verbal one, made through the medium

of a telephone, but was confirmed by a letter written afterwards by appellants. The corn was to be delivered on board the cars at Seguin for shipment to El Paso, Tex. The bills of lading with drafts attached, drawn by appellees· on appellants, were placed in a bank in Seguin and by it transmitted to a bank in San Antonio and were paid by appellants."

This court said:

"There was no contract in writing or otherwise to perform anything in Bexar county. The appellees live in Guadalupe county and agreed to put a certain quantity of corn on the cars in Guadalupe county, and drawing a draft on appellants in San Antonio was not a promise to do anything in Bexar county."

The facts in that case are very similar to those in this case, and that decision is absolutely decisive of this case.

The judgment is affirmed.