## CURLEE CLOTHING CO. v. LOWERY.
### (No. 1753.)

(Court of Civil Appeals of Texas. El Paso. June 19, 1925. Rehearing Denied Oct. 5, 1925.)

**1. Evidence ☞410—Parol evidence rule not applicable to order sheet, and evidence admissible to prove buyer accepted order subject to right to countermand it; "written instrument."**

Where a written order for goods, constituting a mere order sheet, expressing terms, and providing it was not subject to countermand, and that it constituted whole agreement, was not signed by any of the parties, parol evidence applicable to written instruments did not apply, notwithstanding buyer accepted duplicate copy of order without objection, and parol evidence was admissible to prove that buyer accepted order subject to right to countermand it; a "written instrument" being most frequently used by the parties to it to denote something by them reduced to writing as a means of evidence, and as the means of giving formal expression to some act or contract, being so called because prepared as memorial of what has taken place or been agreed on by them, and does not include accounts, letters, and ordinary correspondence, memoranda and similar writings where the creation of the evidence to bind the party or the establishment of an obligation or title is not the primary motive.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Written Instrument.]

**2. Evidence ☞185(1)—When notice to produce writing is excused, thus enabling proponent to introduce other evidence, stated.**

A notice to produce a writing may be excused where, from the nature of the proceeding, the pleading, and the like, knowledge by the other party of the fact that the instrument will

be required, will be presumed, and in such cases a failure to produce it will, without notice, enable the proponent to introduce other evidence of its contents.

**3. Evidence ⬥185(5)—Oral testimony, as to countermanding of order by letter, held properly received.**

In seller's action for goods shipped pursuant to order, oral testimony that he countermanded the order by letter objected to on the ground the letter was the best evidence, and that notice to produce had not been given *held* properly received, where pleading of defendant tendered issue that the order had been countermanded.

Appeal from Shackelford County Court; Richard Dyess, Judge.

Action by the Curlee Clothing Company against J. T. Lowery. Judgment for defendant, and plaintiff appeals. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellant.

J. A. King, of Albany, for appellee.

WALTHALL, J. Appellant, Curlee Clothing Company, a corporation, brought this suit against appellee, J. T. Lowery, to recover the sum of $360 alleged to be the balance due for goods sold and delivered. The suit is alleged in two counts: First, for the sum stated alleged to be the balance due on an attached itemized and verified account; second, the sale of the goods indicated in the attached itemized account on a contract at the special instance and request of appellee, the prices stated agreed to be paid by appellee, delivery of the goods to a common carrier consigned to appellee, demand and refusal to pay.

Appellee answered by general denial, and special answer to the effect that he made an order for the goods described in appellant's petition, but in making the order he reserved the right to cancel said order prior to the date of shipment of the goods, and that the shipment was not to be made except upon his order; that the goods were shipped by express without notifying him, and shipped after he had countermanded said order; that he declined to accept the goods on their arrival.

The appellant pleaded other matters of defense, but, not being necessary to a decision of the case, we omit stating them.

Appellant filed a supplemental petition alleging that the order for the goods was in writing and contained all of the terms and conditions of the sale of the goods; that, at the time said order was given, appellant delivered to appellee a duplicate copy of said order, and that appellee accepted same and thereby became bound to its terms and conditions; that appellee acted on said written order which expresses on its face that the goods were to be shipped "when ready," and

that appellee was not given the right therein to cancel said order; that if it should be held that appellee had the right to cancel said order, which appellant denies, in that event, appellant received no notice of its cancellation. Appellant replied to other issues tendered by appellee, but for reason stated we omit stating them.

The court submitted two issues of fact to the jury, which, with the jury's findings, and the issues arising thereon, are the controlling issues of the case. The jury found that the goods in controversy were ordered by appellee, subject to countermand, and that appellee countermanded the order for the goods before same were shipped.

## Opinion.

By appropriate propositions, it is insisted that where the salesman of appellant, at the instance of appellee, made out a written order for the goods and delivered a duplicate of the order to appellee who accepted same without objection, the order providing, "not subject to countermand," and that "this order constituted the whole of the agreement between the purchaser and seller," parol evidence was inadmissible to vary or contradict its terms, and the court should have instructed the verdict for appellant.

The order referred to is in writing and recites: "Salesman's Order No. 33;" states date of the order, "Sold to J. T. Lowery;" states P. O. Albany, Tex., "ship about when ready Aug. 15th;" states ship American Railway Ex.; states the items of goods and prices, aggregating $360; recites, "This order is not subject to countermand;" recites, "It is agreed" (then follow some conditions under which seller shall not be held liable); and concludes, "Receipt by common carrier constitutes delivery to the purchaser. This order constitutes the whole of the agreement between the purchaser and the seller." The order was not signed by the salesman, nor by appellant, nor by appellee.

Appellee Lowery testified, and after identifying the order for the goods, and after, stating that the salesman gave him a duplicate of the order which he accepted without objection, he was permitted, over objection, to testify as follows:

"We often order goods subject to cancellation. I accepted this (referring to the written order for the goods) that way. If I did not want the goods I would notify them ahead; that I did."

The ground of objection to the evidence is that the facts stated are inadmissible, because they are not contained in the written order and they contradict, vary, and add to the written order. The rule invoked is that parol or extrinsic evidence is generally inadmissible to contradict, vary or add to the terms of a written instrument. If the written order of the salesman is such "written

instrument" as comes within the rule, the case must be reversed. Appellant refers us to many cases where a written instrument was signed by one of the parties to the transaction, and was delivered and accepted as a contract between the parties, and in which the above rule was applied. Such are memoranda or writing constituting a contract or disposition of property, such as deeds, leases, assignments, bonds, contracts of sale or employment, and like instruments, delivered and accepted as contracts, to which, as stated, the rule applies, except in cases often pointed out.

Here, the writing is a salesman's order for goods to be delivered in the future, its terms expressed in the order, a duplicate copy of the order delivered to and accepted by the buyer; the order not signed by anybody, and sent by the salesman to the seller of the goods. Does such instrument come within the parol evidence rule invoked? The evidence heard by the court does contradict the writing, and does add to and attach a condition to the written order not included in the order, and is inconsistent with it.

[1] If the written order is to be deemed a mere memorandum of a previous parol agreement as to the terms of the sale of the goods, made by the salesman for the "purpose of informing the seller of the goods of the terms of the sale, and the duplicate copy of the memorandum delivered to the buyer was for the purpose of aiding him in the matter of the purchase, in other words, a mere order sheet, we think the parol evidence rule would not apply. And such seems to us to be the character, purpose, and effect of the writing. Bewley v. Schultz & Son (Tex. Civ. App.) 115 S. W. 294, in which it was held that an order sheet containing shipping directions was not a contract in writing between the parties. Taylor Milling Co. v. American Bag Co. (Tex. Civ. App.) 230 S. W. 782, in which it was held that a contract was oral and not a written one, notwithstanding a written order and confirmation thereof. In that case, the order contained specifications and conditions and was signed by the salesman.

The term "written instrument" is most frequently used by the parties to it to denote something by them reduced to writing as a means of evidence, and as the means of giving formal expression to some act or contract, such as deeds, bonds, conveyances, leases, mortgages, promissory notes, wills, and the like, and is so called because it has been prepared as a memorial of what has taken place or been agreed upon by them, but does not include accounts, letters in ordinary correspondence, memorandum, and similar writings where the creation of the evidence to bind the party, or the establishment of an obligation or title, is not the primary motive. We do not mean to hold that the writing must be signed by one or both of the parties to bring it within the rule, but we do mean to hold that the writing must not be a mere expression of only one of the parties, as in an order sheet prepared by a salesman for the information of the seller of the goods ordered by the buyer, but it must be "a writing given as the means of creating, securing, modifying, or terminating a right, or affording evidence." State v. Phillips, 157 Ind. 481, 62 N. E. 12; Cyc. 22, pp. 1375–1377, notes 52–62.

[2, 3] The appellee pleaded that he countermanded the order. Over objection that a letter countermanding the order was the best evidence, and that notice to produce had not been given, appellee was permitted to testify:

"I countermanded this order by letter. I wrote the letter before any of the goods were shipped."

The appellee further testified:

"I did not keep a copy of the letter. * * *"

The issue tendered was that the order had been countermanded. The rule applicable is as thus stated by Judge Moursund in Givens v. Turner (Tex. Civ. App.) 225 S. W. 403:

"A notice to produce a writing may be excused where from the nature of the proceeding, the pleadings, and the like, knowledge by the other party of the fact that the instrument will be required will be presumed. In such cases a failure to produce it will, without notice, enable the proponent to introduce other evidence of its contents. Chamberlayne on Ev. § 3585; 2 Elliott, Ev. § 1441."

For reasons stated, we think the case should be affirmed, and it is so ordered.

Affirmed.