SMITH GRAIN CO. v. H. H. WATSON CO. (No. 7547.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1926.)

Venue ⚖️7—Where contract of purchase was completed by wire, additional term, sought to be imposed by purchaser in letter of confirmation, held ineffective and no basis for determining venue.

Where contract for purchase of grain was executed by wire, additional term, sought to be added by purchaser in letter of confirmation as to place under contract where differences were to be due and payable, *held* ineffective, and no basis for fixing venue of action upon contract.

Appeal from Dallas County Court; W. N. Coombes, Judge.

Action by the H. H. Watson Company against the Smith Grain Company. From an interlocutory order overruling a plea of privilege, defendant appeals. Reversed and rendered.

Austin F. Anderson and McGown, McGown & Anderson, all of Fort Worth, for appellant. George Sergeant, of Dallas, for appellee.

FLY, C. J. Appellee, a private corporation, sought a recovery against Ben F. Smith, doing business under the name of Smith Grain Company, of damages in the sum of $400, alleged to be due by reason of a failure to ship to it at Dallas five cars of "average bright, slightly stained maize heads, sound and dry at $26 per ton," from Plainview, Tex.

This is an appeal from an interlocutory order overruling a plea of privilege filed by appellant that the cause be transferred to Hale county, Tex., where appellant resides. Ap-

pellee filed a controverting affidavit to the effect that the suit was "based on a contract in writing promising performance in Dallas, Dallas county, Tex." Appeals in this class of cases are granted for the purpose of expediting pleas of privilege, but the transcript in this cause was filed in the Court of Civil Appeals at Dallas, on February 21, 1925, and appellant, it seems, has not made any effort to have it earlier considered. The transcript contains the findings of fact of the county judge, as well as a statement of facts.

The contract for the delivery of the grain was made through telegrams interchanged between appellant at Plainview and appellee at Dallas, in which appellee requested "price of 10 to 15 cars of sound, dry, average maize heads," and appellant replied five cars of "average bright slightly stained heads, twenty six dollars, this year's shipment." Appellee accepted shipment of five cars and added, "Will use ten cars more if wire promptly." On same date, September 13, 1923, appellee wrote a letter to appellant as follows:

"We confirm our exchange of wires in which we purchased from you five cars of average bright, slightly stained maize heads, sound and dry, $26.00 delivered."

The confirmation was of a trade already made, and appellee at first in the letter confined it to that trade, but after such confirmation sought to add to such confirmation stating:

"This confirmation is our understanding of the purchase. Any differences arising under this contract are made due and payable at Dallas, Texas."

The last clause was clearly not a part of the contract made by telegraph and which contract had been confirmed by wire as follows: "Book the five cars maize heads as per message." None of the messages by wire contained anything about fixing the venue in Dallas county. The contract was made by the wires and could not be changed by any letter written afterwards by either party. Nothing was said in the telegrams as to the destination of the grain. In the case of Watson v. Howe Grain & Mercantile Co. (Tex. Civ. App.) 214 S. W. 843, the facts were similar to the facts in this case, the contract in that case being made by telephone and followed by a letter of confirmation, and the court said:

"It was not necessary to send the letter of confirmation, for the trade was closed in the telephone conversation; but the letter was sent out in accordance with the custom of the trade and of the Howe Grain & Mercantile Company's office. It was not a part of the contract that the drafts would be sent to the Farmers' National Bank at Howe, Tex. * * *"

One exception to the general statute as to venue is:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

In this case appellant signed no writing to perform any part of the contract in Dallas county, and under the contract made by the telegrams, no part of the contract was to be performed in Dallas county. S. W. Grain & Feed Co. v. Blumberg (Tex. Civ. App.) 162 S. W. 1; Gottlieb v. Ainsworth (Tex. Civ. App.) 229 S. W. 341. As said by Chief Justice Conner for the Court of Civil Appeals at Fort Worth, in Sugarland Industries v. Universal Mills, 275 S. W. 406:

"Ordinarily where goods are sold and the place of delivery is not specified, the place of delivery is at point of shipment."

When the contract was closed through the telegrams, no place of destination was mentioned, and appellee could not change the contract by writing a letter to which appellant did not subscribe or agree.

The motion for rehearing will be granted, our former opinion withdrawn, and the judgment of the lower court will be reversed, and it is the order of this court that the venue of this case be changed from Dallas to Hale county, and the clerk of the county court of Dallas county at law No. 1 be and is hereby ordered to make up a transcript of all orders made in this cause, certifying thereto officially under seal of the court, and transmit the same with the original papers to the clerk of the county court of Hale county, unless said county court shall have been deprived of jurisdiction of such cases, in which event the papers and orders should be transmitted to the district court of Hale county.

Reversed and rendered.