## TRANSIT GRAIN & COMMISSION CO. v. LEWIS. (No. 2201.)

Court of Civil Appeals of Texas. El Paso. Nov. 8, 1928.

Rehearing Denied Nov. 28, 1928.

Paddock, Massingill & Belew, of Fort Worth, for appellant.

Thomas, Frank, Milam & Touchstone, of Dallas, and Hyer & Christian, of Fort Worth, for appellee.

HIGGINS, J. This is a suit by appellee against the Transit Grain & Commission Company and Farmers' Grain Company.

It was alleged: That plaintiff purchased from the first-named defendant 51,620 "pounds of hegira seed with the understanding and agreement, warranty and guaranty, that said hegira seed were suitable for seed purposes, and that the plaintiff intended to resell said seed for seed purposes," and paid therefor the market value thereof, $825.92; said defendant "failed to carry out its contract agreement, warranty and guaranty in that it delivered hegira that was not fit for seed purposes" of the market value of $593.63; that in the transaction the Farmers' Grain Company was the undisclosed principal of the Transit Grain & Commission Company. Judgment was asked against both defendants for the difference between the sums stated.

Before the case was submitted to the jury, plaintiff dismissed as to the Farmers' Grain Company. This action eliminates those questions presented in the brief relating to the rule that plaintiff could not recover against both the agent and undisclosed principal. Fort Terrett Ranch Co. v. Bell (Tex. Civ. App.) 275 S. W. 81; Pittsburg Plate Glass Co. v. Roquemore (Tex. Civ. App.) 88 S. W. 449.

The first issue submitted was whether the first-named defendant "agreed to sell and deliver to A. S. Lewis, the plaintiff herein, hegira for seed purposes." This was answered, "Yes." Upon the second issue it was found that "the hegira for seed, as contracted for," was not delivered.

The third finding fixed the difference in values at $232.29, for which amount judgment was rendered against the Transit Grain & Commission Company, appellee here.

▪ The petition declares upon an express warranty that the hegira was fit for seed purposes. The evidence wholly fails to support this allegation.

The evidence upon the issue of warranty as set forth in appellee's brief is shown by the testimony of plaintiff as follows:

"I told him (Potishman) that I wanted a car of first-class seed hegira."

"I told Mr. Potishman on January 27th, 1926, that I wanted some of this hegira for seed purposes. I talked to him and told him that I wanted the seed for seed purposes. I agreed to pay $1.60 a hundred for them. Based on my experience in the grain business hegira for chicken feed and stock feed would sell for less than that, from 35 to 40¢ per hundred pounds. They have to get better seed for germination. He told me that he had a car of extra good stuff. I told him that I was accumulating a car for the Priddy mill, for the Priddy Mayer Grain Company, who was cleaning my seed, sacking it and shipping it out for me. I thereafter ordered them to ship it. I closed the deal with him there, bought a car for seed purposes for $1.60.

"I could not use the seed for the purposes for which I had bought it. I asked them to relieve me of the seed and told him that I could not use it for that purpose. I was talking to Mr. Potishman. He said: 'It is a surprise to me. I sold that to you for seed and I will try to arrange to get them to take it back. If I do not I will sell it and relieve you of it.'"

The Potishman referred to is appellant's president with whom appellee contracted. This testimony is sufficient to show an implied warranty that the hegira was fit for its intended seed purpose. Smith Bros. Grain Co. v. Windsor & Stanley (Tex. Civ. App.) 242 S. W. 350; Id. (Tex. Com. App.) 255 S. W. 158; Tiffany on Sales, pp. 252 and 256; 2 Mechem on Sales, §§ 1343, 1344.

▪ The variance between the plea and proof is fatal. Appellant raised the question by requested peremptory charge and objection to the first issue submitted. The assignments of error relating thereto are sustained.

The ruling upon evidence made the basis of the second assignment presents no error. Curlee Clothing Co. v. Lowery (Tex. Civ. App.) 275 S. W. 730; Sidebottom v. Juliff (Tex. Civ. App.) 259 S. W. 235; Smith, etc., v. Watson (Tex. Civ. App.) 285 S. W. 868; Bewley v. Schultz (Tex. Civ. App.) 115 S. W. 294; Taylor Milling Co. v. American Bag Co. (Tex. Civ. App.) 230 S. W. 782; Watson v. Howe G. & M. Co. (Tex. Civ. App.) 214 S. W. 843.

None of the other propositions presented show any error. They call for no discussion.

Reversed and remanded.