## MAUDR v. ANSLEY.

### No. 1691.

Court of Civil Appeals of Texas. Eastland.

Oct. 1, 1937.

Rehearing Denied Oct. 29, 1937.

Franklin & Blankenbecker and E. A. Kelly, all of Houston, for appellant.

Cox & Hayden, of Abilene, for appellee.

LESLIE, Chief Justice.

W. O. Ansley, Jr., filed this suit in Taylor county against V. A. Maudr, a resident of Harris county, to recover certain money alleged to be balances due him on several sales of cotton in November, 1933. Maudr filed his plea of privilege to be sued in the county of his residence. By controverting affidavit, plaintiff claims venue in Taylor county by virtue of exception 5 to the general venue statute (as amended by Acts 1935, c. 213, § 1 [Vernon's Ann.Civ.St. art. 1995, subd. 5]). The court, after hearing the evidence on the issues raised, overruled the plea, and Maudr appeals.

In addition to the amount of the above items, the plaintiff's petition contained a count for damages by reason of defendant's failure to promptly pay the drafts drawn on him, etc.

The plaintiff during said time sold and shipped the defendant the various lots of cotton aggregating about 32,000 bales. Typical of the drafts pursuant to each sale is the following:

"Ansley & Company

Invoice Amount $———— Cotton No. 4781

Exchange———— Abilene, Texas 12/8/1933

Draft Amount $3,856.17    Abilene

On Demand Pay to the Order of F & M Nat'l. Bank the sum of Thirty Eight Hundred Fifty Six and 17/100 Dollars, For value received, negotiable Bill of Lading properly endorsed and Invoice attached 78 B/C. *It is agreed and understood that all balances that may be due to Ansley & Co. arising out of or under this contract, are payable to Ansley & Co. at Abilene, Texas.* (Italics ours.)

To: V. A. Maudr          Marked E. 51,
     Houston, Texas       Ansley & Co.

Note: Draft will not be accepted unless all papers mentioned on face are attached."

This controversy really hinges on the legal effect, if any, to be given the above-italicized sentence. The final price of the cotton was not fixed when shipped but that price was to be later determined on "sellers call." If the price finally so fixed entitled plaintiff to an additional sum, the defendant agreed to pay the same and this suit is for such alleged unpaid sums. The plaintiff is not suing for the amount of drafts, as, for instance, the $3,856.17. In each shipment the amount of the draft was paid by the defendant and received by the plaintiff. The plaintiff's contention here is that under the terms of the original contract of sale the defendant owed certain balances on the purchase price of the cotton over and above the amount of the respective drafts and that such balances were payable in Taylor county, Tex., because the draft (which was paid in each instance) contained the italicized sentence.

The appellee's contention is best reflected by its first proposition which is as follows: "The buyer of cotton in Houston, Texas agreed with the seller in Taylor County, through his duly authorized agent, to purchase certain cotton, delivered in Taylor County, and the agreement between the buyer's agent and seller, being in Taylor County, and the cotton being shipped to Houston, Harris County, Texas, and bill of lading and draft attached being sent through the Farmers & Merchant National Bank of Abilene, Texas to Houston, said draft providing that all balances that

may be due to Ansley & Company (seller) arising out of or under this contract are payable to Ansley & Co. at Abilene, Texas, and the buyer having paid said draft with this notation thereon was such a contract in writing as to pay said balance. in Abilene, Taylor County, Texas, so as to maintain venue in Taylor County where 'suit is brought on said balances in Taylor County, Texas."

It will be observed that the appellee does not rely for venue upon the particular type of contract (i. e., shipper's order, bill of lading and attached sight draft accepted by buyer, etc.) construed by our Supreme Court in Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A.L.R. 672; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675, and that line of authorities, but his reliance for venue here is predicated solely on the fact that the italicized sentence was in the drafts paid off by defendant when he received the cotton. If said words inserted in each draft formed a part of each sales contract and were therefore binding on the defendant, the venue was properly laid in Taylor county. But, on the other hand, if said provision formed no part of the actual sales contract, then there are no allegations and proof in this case of any character of written contract bringing the transaction within the purview of exception 5 to the general venue statute. The appellee's counter contention in fact limits the field of inquiry and under the respective contention our problem is to determine whether the drafts carrying the above provisions relating to venue were and are a part of the original sales contract, binding on the defendant. The different sales or shipments were evidenced by instruments in substance and legal effect the same. Further details will therefore be omitted.

The first paragraph of the plaintiff's controverting affidavit reflects the general nature of each transaction and the manner in which each item (here demanded) arose.

"Plaintiff alleges that on or about November 18, 1933, the plaintiff here sold to defendant 78 bales of cotton, said cotton being at that time at Turkey, Texas; that said cotton was sold by plaintiff to the defendant on Sellers Call, at ten of March New York, shipped on provisional invoice, Dec. 8, 1933, at a price of $9.52 per hundred, price not fixed, but subject to plaintiff's call at a later date. That immediate-

ly thereafter plaintiff drew a draft for $3,856.17 which reads as follows: [Hereinbefore set out.]"

Appellant, Maudr, operated in the Abilene territory through an agent, A. E. Dalrymple, with whom plaintiff negotiated the sale at Abilene, Tex., of about 32,000 bales of cotton to said Maudr. On certain phases of the transactions, plaintiff Ansley testified:

"Q. Who purchased those bales·for Mr. Maudr? A. Mr. Dalrymple.

"Q. Was the cotton delivered to Mr. Maudr? A. No, sir, it was delivered to Mr. Dalrymple. * * *

"Q. On whom were the drafts? A. On Mr. V. A. Maudr, Houston.

"Q. At whose request were they drawn? A. Mr. Dalrymple's.

"Q. Were they paid by Maudr? A. Yes, sir. * * *

"Q. Through whom did you deal in selling this? A. Mr. A. E. Dalrymple.

"Q. Where was the contract of sale entered into? A. Abilene, Texas. * * *

"Q. Just explain how that was sold, on what terms. A. That cotton was sold to Mr. Dalrymple at eleven off hog round f. o. b. interior. * * *

"Q. You testified all these transactions were made through Mr. Dalrymple. A. Yes sir.

"Q. In each case the number of bales to be sold and the price to be paid was discussed and agreed upon with Mr. Dalrymple before the cotton was sold? A. Yes sir.

"Q. And the cotton was sold, based upon that contract and agreement? A. Yes sir.

"Q. Then, after the transaction was completed; after the cotton was loaded on the train or however it was to be shipped you would draw these drafts, after the cotton was moving? A. Yes sir." ·

Time and again the plaintiff testified on the trial that the sales were made in Taylor county and after a diligent search and re-examination of the testimony we fail to find that the original negotiations between the parties contemplated that the contract or contracts should later be reduced to writing with stipulation for performance in Taylor county. No contention is made that appellant in fact signed a written agreement to perform the contracts in Taylor county.

The contract for the sale and delivery of the cotton was by parol entered into in Taylor county, Tex., between plaintiff and defendant through his agent, Dalrymple. The method of payment by draft, attached invoice, etc., was adopted by the parties as a matter of convenience after the cotton was moving. The fact that appellant acknowledged the justice of the obligations, paid the drafts, and received the cotton to which he was entitled under the original understanding, should not, under the facts of this case, be held to create the alleged written contracts in this suit. If a term or condition of a contract can thus be added or taken therefrom, without the mutual assent of the parties, other provisions of the contract may be so altered by an act of ex parte or unilateral nature. In such situation a debtor by paying in fact what he owes would be bound by the terms of another contract inserted in a draft without his knowledge or consent. Evidently the drafts, and especially the clause relating to venue, formed no part of such sales contracts, and payment of the drafts under the circumstances created no written contract (by acceptance or acquiescence) binding the defendant to pay in Taylor county such other sums as might become due plaintiff on the final determination of cotton prices.

Upon these considerations we conclude that the trial court erred in overruling defendant's plea of privilege to be sued in Harris county, and as authority for the holding we cite Smith Grain Co. v. H. H. Watson Co. (Tex.Civ.App.) 285 S.W. 868; Watson v. Howe Grain & Merc. Co. (Tex. Civ.App.) 214 S.W. 843; Bewley v. Mrs. E. Schultz & Son (Tex.Civ.App.) 115 S.W. 294; Curlee Clothing Co. v. Lowery (Tex. Civ.App.) 275 S.W. 730; Radio Equipment Co. v. Anderson Music Co. (Tex. Civ.App.) 44 S.W.(2d) 761.

The appellee relies on McKean & McNeal v. Martin (Tex.Civ.App.) 241 S.W. 782; Traylor v. Blum (Tex.Sup.) 7 S.W. 829; Berry v. Pierce Petroleum Corporation, 120 Tex. 452, 39 S.W.(2d) 824; and Yeager v. Focke et al., 6 Tex.Civ.App. 542, 25 S.W. 662, for support of the counter proposition above set out. In each of these cases a contract clearly within exception 5 to the venue statute was involved. The facts of this case clearly distinguish it from those relied upon by appellee.

The testimony in this case has been fully developed. It appears that the appellant

is entitled to a change of venue. For the reasons assigned the judgment of the trial court is reversed, and it is the order of this court that the venue of the cause be changed from the district court of Taylor county to the proper district court of Harris county, Tex.

## On Rehearing.

In his motion for rehearing the appellee, Ansley, challenges the accuracy of a statement in our original opinion to the effect that "the appellee does not rely for venue upon the particular type of contract (i. e., shipper's order, bill of lading and attached sight draft accepted by buyer, etc.) construed by our Supreme Court in Marcus v. Armer, 117 Tex. 368, 5 S.W.(2d) 960, 60 A.L.R. 672; Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675, and that line of authorities." In his motion for rehearing, he states: "It is our intention to rely upon these authorities and the type of contract stated in each one of these cases." The challenged statement taken alone is subject to the criticism made, but taken in connection with the context of the opinion there would not appear to be any misinterpretation of the appellee's theory of the case. He does rely for venue upon exception 5 of the general venue statute, citing four authorities considered and referred to in our original opinion. The line of authorities referred to in our opinion (of which the two first above named are a part) deal with the type of contract or state of facts in which the drafts, bill of lading attached, etc., in each case were drawn by the seller on the buyer. In those cases the court held that such transaction evidenced intention and agreement upon the part of the seller to retain the title and right of possession until the goods were paid for by the buyer at the point of destination whereupon delivery to the buyer took place. In said cases the buyer was the plaintiff. In the instant case the seller is the plaintiff, and the testimony, as pointed out in our original opinion, shows the sales were consummated by parol agreements between the appellee and appellant's agent, Dalrymple, in Abilene, Taylor county, where the cotton was delivered to said agent for the appellant.

As we construed the testimony there is nothing in the original contract authorizing the appellee to insert in the draft the sentence italicized in our original opinion. There is absent from the testimony proof

of written contract to pay in Taylor county. The suit is not on the draft as such, the amount thereof having been paid, as pointed out in the original opinion. Except as herein indicated the statements in the former opinion remain unmodified, and the motion for rehearing is overruled.