**LAWYERS SURETY CORPORATION,**
**Appellant,**

**v.**

**Howard PRESTON, Appellee.**

**No. 4303.**

Court of Civil Appeals of Texas.

Eastland.

May 30, 1969.

Rehearing Denied June 20, 1969.

Strasburger, Price, Kelton, Martin & Unisa, Robert H. Thomas and John E. Phillips, Dallas, for appellant.

L. F. Sanders, Canton, for appellee.

COLLINGS, Justice.

Howard Preston brought suit in the District Court of Van Zandt County against J. J. Corley, a dealer in produce within the State of Texas, to recover upon an alleged debt in the sum of $912.87 for produce sold by plaintiff to Corley. Plaintiff also sought judgment in Van Zandt County against Lawyers Surety Corporation of Dallas asserting that such defendant was liable for Corley's debt by reason of the terms of an "L.S.C." bond executed by the

surety corporation and in effect at times material hereto. Lawyers Surety Corporation filed a plea of privilege to be sued in Dallas County, the place of its residence or in the alternative in Travis County where the bond in question was on file. The plaintiff filed a controverting affidavit claiming venue in Van Zandt County under subdivisions 4 and 5 of Article 1995, Vernon's Ann.Tex.Civ.St. After hearing, the plea of privilege was overruled and Lawyers Surety Corporation has appealed.

Appellant presents two points of error urging that the court erred in overruling its plea of privilege for the reason that appellee failed to prove venue under subdivision 4, subdivision 5 or any other subdivision of Article 1995, V. A. T. C. S.

■ Subdivision 4 of Article 1995 provides in part that "if two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Thus, where a plea of privilege is filed by a defendant the venue facts required to be alleged and proved under subdivision 4 when the plaintiff desires to sue defendant outside the county of his domicile are: (1) that the suit is against two or more defendants (2) that the residence of one of the defendants is in the county where the suit is pending, and (3) that the plaintiff to prevent a change in venue must also plead and prove a cause of action against the resident defendant. In the instant case appellee Preston did not as required by the statute prove that one of the defendants resided in the county where suit was brought. Actually appellee in his petition and in his controverting affidavit alleged that both defendants were and are residents of counties other than Van Zandt County. He therefore failed to establish venue in Van Zandt County of his suit against appellant Lawyers Surety Corporation under subdivision 4 of the venue statute. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W. 2d 1300 (1936).

Subdivision 5 of Article 1995, V. A. T. C. S. provides as follows:

"5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

■ We are of the opinion that appellee Preston has, likewise, failed to establish the required venue facts under subdivision 5 of the venue statute. There is no showing that the defendant Lawyers Surety Corporation has contracted to perform the alleged obligation in the county where the suit was brought or at some definite place therein being expressly named in writing. Appellee's original petition which was incorporated in his controverting plea showed that the suit was for the purpose of recovering $912.87 alleged to be due for produce sold to J. J. Corley. The purported written contracts introduced into evidence by appellee at the venue hearing were checks drawn by Corley on a bank in Mesquite, in Dallas County, Texas. There was no contract in writing to pay in Van Zandt County. Yanta v. Davenport, 323 S.W.2d 636 (Tex.Civ.App.1959, writ dis.); Tatum v. Home Improvement Loan Company, 300 S.W.2d 215 (Tex.Civ.App., 1957, no writ hist.).; Maudr v. Ansley, 109 S.W.2d 501 (Tex.Civ.App.1937, no writ hist.). The bank returned such checks because of insufficient funds. The "L.S.C." bond, a copy of which was attached to appellee's petition, contained no provision that it was payable in Van Zandt County. Appellee Preston has, therefore failed to establish venue of this cause in Van Zandt County under the provisions of subdivision 5. Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698, (1942); Burtis v. Butler Bros., 148 Tex. 543, 226 S.W.2d 825 (Tex. Sup. Ct., 1950).

The judgment is reversed and the cause is ordered transferred to a District Court of Dallas County.