**HARRIS et al. v. SAN ANTONIO & A. P. R. CO. (No. 6403.)**

(Court of Civil Appeals of Texas. San Antonio. May 12, 1920.)

Venue ⬅⟼7—Properly laid in county in which sales contract was to be and was performed.

Where goods were shipped to certain county, and were sold in such county by written instrument by defendants, who did not own goods, but fraudulently represented themselves the owners, and who obtained payment by draft on bank in such county, the venue was properly laid in such county, though defendants did not reside therein, under Rev. St. 1911, art. 1830, subds. 5, 7; the contract having been made to be performed, and having in fact been performed, in such county.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Action by the San Antonio & Aransas Pass Railway Company against H. P. Harris and another. From an order overruling defendants' pleas of privilege, they appeal. Affirmed.

Hardway & Cathey, of Houston, for appellants.

Bell & Brown, of Karnes City, Boyle, Ezell & Grover, of San Antonio, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellee.

FLY, C. J. Appellee sought to recover from H. P. Harris and C. A. Sammons, appellants, the sum of $267.51, on allegations that appellants sold to R. J. Polasek a car of rice straw, which had been shipped by H. Myrick from China, Tex., to Hobson, Karnes county, Tex., and on or about December 13, 1917, appellants fraudulently represented to Polasek that the rice straw belonged to them, and obtained pay for said rice straw from Polasek, and he then appropriated it to his own use. Afterwards Myrick, the real owner of the straw, instituted suit and obtained judgment against Polasek, appellee, and the Texas & New Orleans Railway Company, in Harris county, for damages arising from conversion of the rice straw. The last-named railway company and Polasek sold their interest in the judgment, the amount of which was paid to Myrick, and appellee instituted suit in Karnes county against appellants, who filed their pleas of privilege to be sued in the respective counties of their residence, namely, Harris in Tarrant county, and Sammons in Dallas county. Their plea of privilege was controverted by an affidavit setting up all the facts in connection with the claim, and the pleas of privilege overruled, and from that order this appeal has been perfected.

The affidavit showed that the rice straw had been conveyed by the railway companies from China to Hobson, and was the property of Myrick, and that it was sold to R. J. Polasek, upon the fraudulent representation of appellants that the straw was their property, and his money obtained. The value of the straw was collected by Myrick from Polasek and the railway companies, and appellee was the owner of the claim against appellants. In all cases of fraud, suit may be instituted in the county in which the fraud was perpetrated. Rev. Stat. art. 1830, subd. 7; Boothe v. Fiest, 80 Tex. 141, 15 S. W. 799; Whitaker v. Brown, 49 S. W. 1104; Howe v. Galt, 32 Tex. Civ. App. 193, 73 S. W. 828; American Warehouse Co. v. Ray, 150 S. W. 763.

The contract made by appellants with Polasek was to be performed and was performed in Karnes county. In this case appellants sent to Polasek an instrument in writing by which they sold to him the straw in Hobson, Karnes county, and drew a draft for its value on a bank in that county, and it was there paid by Polasek. The contract was necessarily executed in Karnes county, and the county court of that county has jurisdiction. Rev. Stat. art. 1830, subd. 5; Brick Co. v. Cox, 33 Tex. Civ. App. 292, 76 S. W. 608; Yett v. Green, 39 Tex. Civ. App. 184, 86 S. W. 787; Harris v. Salvato, 175 S. W. 802; Keller v. Mangum, 161 S. W. 19; Ice Co. v. Refining Co. (Tex. Civ. App.) 182 S. W. 1163; Garrett v. Hughes, 208 S. W. 758.

The venue was properly laid in Karnes county, and the judgment is affirmed.

---

⬅⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes