## HARRIS v. SAN ANTONIO & A. P. RY. CO.
## (No. 6402.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1920.)

**Venue** ⊚⊸27—**Suit for failure of title and false representations properly laid in county where goods delivered and paid for.**

Where the true owner of a carload of goods recovered judgment against the carriers and the purchaser of said goods from defendant, and such purchaser and one of the carriers assigned to the other carrier their claims against defendant, suit by the assignee against defendant on defendant's implied warranty of title and for false representations as to title was properly brought in the county where the property was when defendant sold it and where it was delivered and paid for and where the fraud in selling without title was alleged to have been perpetrated, though defendant filed plea of privilege.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Suit by the San Antonio & Aransas Pass Railway Company against R. G. Harris. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 221 S. W. 1118.

Hardway & Cathey, of Houston, for appellant.

Bell & Brown, of Karnes City, Boyle, Ezell & Grover, of San Antonio, and Proctor, Vandenberge, Crain & Mitchell, of Victoria, for appellee.

COBBS, J. San Antonio & Aransas Pass Railway Company filed its suit in the county court of Karnes county against R. G. Harris, of Collin county, Tex. The suit was predicated upon the alleged shipment and sale of a car of straw, and tried on following agreement:

"It is agreed by and between the parties hereto, by their respective attorneys of record, that the following agreed statement of facts contains a true and full statement of the facts and evidence adduced upon the trial and hearing of the plea of privilege of the defendant, R. G. Harris, to be sued in Collin county, the county of his residence:

"(1) That the cause of action upon which this cause is based grows out of the sale of a car of rice straw, claimed to have been owned by defendant, on or about December 5, 1917, and which was contained in T. & P. car 14783, and situated on the tracks of plaintiff at Hobson, Tex., Karnes county, Tex., and which was shipped by one H. Myrick, from China, Tex., over the lines of the Texas & New Orleans Railway Company, and over the connecting lines of the S. A. & A. P. Ry. Co., on or about November 29, 1917.

"(2) That the defendant on or about December 5, 1917, doing business under the trade name of Harris Bros. Grain Company, sold to one R. J. Polasek, of Hobson, Karnes county, Tex., the above-mentioned car of rice straw at the price of $20 per ton, and that the same was examined by the said Polasek, whereupon he, claiming said rice straw not to be of the quality as represented, wired defendant as follows: 'Hobson, Texas, 12/7/17. Harris Bros. Grain Co., McKinney, Texas. Will take T. P. car at eighteen cannot use other. R. J. Polasek. Sarn 11 a. m.' Whereupon this defendant wired the said Polasek a telegram of which the following is a substantial copy: 'McKinney, Texas, 12/7. R. J. Polasek, Hobson, Texas. Replying telegram this your authority to pay draft less two dollars per ton remit to-day. Harris Bros. Gr. Co.'

"(2½) That R. G. Harris is and was at all times alleged in his plea of privilege a resident of Collin county, Tex.

"(3) That defendant on or about December 5, 1917, drew a draft upon the said Polasek as follows: 'Harris Brothers Grain Co. No. 3700, Wholesale Grain, Hay and Feedstuffs. McKinney, Texas, Dec. 5, 1917. At sight, bill lading attached, pay to the order of the Continental State Bank ($206.12) two hundred six and 12/100 dollars. Car No. T. & P. 14783, containing rice straw lbs. ——. Value received and charge to account of Harris Brothers Grain Co., per J. P. C. To R. J. Polasek, Hobson, Texas. Collect through Karnes County National Bank, Karnes City, Texas.'

"(4) That the invoice for said car of rice straw was as follows: 'McKinney, Texas, December 5, 1917, R. J. Polasek Hobson, Texas. Bought of Harris Brothers Grain Co. T. & P. car No. 14783, shipped to Hobson, Texas. We make draft with bill of lading attached to cover this invoice through Karnes County National Bank, Karnes City, Texas, which you will please protect. 305 bales, 20,612 lbs., rice straw, at $20.00 per ton—$206.12. Freight fully prepaid to destination.'

"(5) That although it is stated in said draft, 'bill of lading attached' no bill of lading was in fact attached, and no bill of lading was ever sent to Polasek by this defendant covering the car of rice straw.

"(6) That the said R. J. Polasek paid said draft and obtained the car of rice straw in Karnes county, Tex.

"(7) That thereafter H. Myrick brought suit in Harris county, Tex., against the T. & N. O. Ry. Co., the initial carrier, the S. A. & A. P. Ry. Co., plaintiff herein, and R. J. Polasek, alleging that he, the said Myrick, was the owner of said car of rice straw, and after and on trial of the cause the said Myrick recovered judgment against this plaintiff, the T. & N. O. Ry. Co., and the said Polasek, jointly and severally.

"(8) That this plaintiff is the owner of the judgment of the said H. Myrick against the said T. & N. O. Ry. Co., and the said R. J. Polasek and the said T. & N. O. Ry. Co. and the said Polasek have transferred to this plaintiff any and all claims which they might have against the defendant herein arising out of the shipment of said car of rice straw, and the sale of same to the said Polasek by Harris Bros. Grain Company."

---

⊚⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

It was also based upon the alleged fraud of appellant committed in Karnes county.

H. Myrick brought suit in Harris county against appellee and R. J. Polasek, as the owner of said car of rice straw, and recovered judgment against them jointly and severally. Appellee paid off said judgment and took an assignment of the said claim and brought this suit thereupon. Appellant filed a plea of privilege, claiming the right to be sued in Collin county, the place of his residence. Appellee filed controverting affidavit. Upon the hearing the court overruled the plea.

The question to be decided here is whether or not the court erred in overruling the plea of privilege. The two assignments properly raise all the questions necessary to determine the venue in this case.

Appellant contends that the suit is not based on the contract, but based upon a judgment recovered by Horace Myrick against the T. & N. O. Ry. Co. and R. J. Polasek assigned to appellee, and the record does not show any agreement or promise of indemnity to pay said judgment or to pay it in Karnes county; that appellee is in the same position that Polasek was, had he instituted suit on the judgment, for appellant had not obligated himself in writing to perform the contract in Karnes county or at any time waived his right to be sued in the county of his own residence. This defense would be good unless there is something in the nature of the contract itself or the pleading to show his obligation to perform and to pay in Karnes county. The law is too well settled on the subject to need further discussion or citation of authorities. See H. P. Harris v. S. A. & A. P. Ry. Co., decided by this court May 12, 1920, 221 S. W. 1118.

This suit was brought against appellant to recover $233.87, the damages sustained by reason of the failure of title of appellant in his expressed and implied warranty of title to the car of rice straw. To that suit appellant was made a party and called upon to defend by proper notice. The plaintiff's petition, besides suing on the alleged contract, alleges that appellant perpetrated a fraud on said Polasek in Karnes county, in selling to him the said car of straw then in Karnes county when appellant well knew he did not own it and had never paid for it; that appellee relied on the fraudulent representations made, whereby he was induced to purchase and pay for the straw in Karnes county. Whatever rights Polasek had against appellant to sue were transferred to and acquired by appellee.

The facts necessarily appear from the telegrams, draft, and invoice that the property to be sold and delivered was then situated in Karnes county, the place of its delivery, and the draft drawn to be paid in Karnes county. The contract was an obligation in writing mutually binding upon each party for its performance in Karnes county, which unquestionably gives the right to sue upon the breach in Karnes county.

The allegation of fraud perpetrated in Karnes county, in selling a carload of straw that appellant is alleged not to have owned, in which Polasek was induced to buy because of such fraudulent representations of appellant upon which he was induced to rely, is to be taken into consideration in connection with the disposition of the plea of privilege. The court did not err in refusing to sustain the plea of privilege.

There being no reversible errors assigned, they are overruled, and the judgment is affirmed.