## PITTMAN & HARRISON CO. v. SANDERS.
### (No. 8589.)

(Court of Civil Appeals of Texas. Dallas.
Oct. 29, 1921.)

Venue ⟐⟐7—Sales contract held performable
in county in which shipment was received,
permitting suit there.

Where oats were sold to plaintiff, domicil-
ed in G. county, by defendant, of N. county,
shipment received in G. county, "to shipper's
order, notify [plaintiff] at S., Texas," and
defendant drew draft on plaintiff for the price,
and to it attached order bill of lading, and the
draft was paid by plaintiff, on which bill was
delivered to it and presented to the railroad
company, whereon the oats were delivered to
plaintiff, the transaction constituted a contract
performable in the county in which the ship-
ment was received, permitting suit there with-
in the exception contained in Rev. St. art.
1830, subd. 5.

Appeal from Grayson County Court; Day-
ton B. Steed, Judge.

Action by the Pittman & Harrison Com-
pany against T. T. Sanders. From a judg-
ment for defendant, plaintiff appeals. Re-
versed and remanded for further proceedings
in conformity with opinion.

G. C. Harney, of Sherman, for appellant.
Head, Dilland, Smith, Maxey & Head, of
Sherman, for appellee.

HAMILTON, J. Suit for damage was in-
stituted by appellant, a corporation domi-
ciled in Sherman, Grayson county, Tex.,
against appellee in the county court of Gray-
son county. Appellee is a resident of Nolan
county, Tex., and upon being served with
citation he filed his plea of privilege to be
sued in Nolan county, the county of his resi-
dence. The plea was controverted by ap-
pellant, and upon hearing the trial court
sustained the plea of privilege, and ordered
that the suit be transferred to the county
court of Nolan county, Tex.

The undisputed facts before us, beyond the
respective statements of facts contained in
the plea of privilege and the answer thereto,
we believe to be sufficient to establish the
contention of plaintiff to the effect that the
suit was upon a written contract partly to
be performed in Grayson county, Tex., and
for which reason we think the plea of privi-
lege should have been overruled, and the
cause heard in the county court of Grayson
county.

The only witness in the case was W. C.
Scott, who testified in behalf of appellant.
His evidence established the following facts:
That a car of oats was sold to Pittman &
Harrison Company by T. T. Sanders, through
Allen G. Smith, a broker, that the shipment
was received at Sherman, in Grayson coun-

ty, by Pittman & Harrison Company, and
that the shipment was "to shipper's order,
notify Pittman & Harrison Company at Sher-
man, Texas." Sanders drew draft upon Pitt-
man & Harrison Company for the price of the
oats, and to it was attached order bill of
lading. The draft was paid at Sherman,
Tex., by appellant, and upon its being paid
the bill of lading was delivered to Pittman
& Harrison Company, and by it presented to
the railroad company, whereupon possession
of the car of oats was delivered to Pittman &
Harrison.

This is substantially the transaction plead-
ed by appellant, and it appears to reflect the
contract and understanding between the par-
ties, and what was done in pursuance of the
contract with reference to the delivery of the
shipment and the payment of the draft. Such
set of facts, under the authorities, seems to
constitute a written contract performable in
the county in which the shipment is received.
This being so, we are constrained to hold
that appellant discharged the burden resting
upon it to prove facts sufficient to establish
an exception to the venue article of the Re-
vised Civil Statutes, and to bring the case
within the exception contained in subdivi-
sion 5 of article 1830, Revised Civil Statutes.
People's Ice & Mfg. Co. v. Cotton Oil Co.,
182 S. W. 1163; Harris v. Salvato, 175 S. W.
802; Harris v. S. A. & A. P. Ry. Co., 221 S.
W. 1118; Harris v. Moller, 207 S. W. 963.

We will accordingly reverse and remand
the cause for further proceedings in con-
formity with the views above expressed.