ELLIOTT JONES & CO., Inc., v. M. K. TOWNS PRODUCTION CO. et al.
(No. 8841.)

(Court of Civil Appeals of Texas. Galveston. April 2, 1926.)

1. Appeal and error ⬅➞748(1), 766—Court of Civil Appeals will not consider brief containing no assignments of error or propositions, and trial court's judgment must be affirmed, in absence of fundamental error on face of record.

Court of Civil Appeals is not required nor authorized to consider brief containing no assignments of error or propositions, as required by the rules, and, in absence of fundamental error on face of record, trial court's judgment must be affirmed.

2. Pleading ⬅➞111—In order to maintain suit against joint defendant over its plea of privilege, plaintiff has burden to make prima facie showing of bona fide cause of action against defendant having domicile where suit was brought (Rev. St. 1925, art. 1995).

In order to maintain suit against joint defendant over its plea of privilege, under Rev. St. 1925, art. 1995, to be sued in county of its domicile, burden is on plaintiff to make prima facie showing of bona fide cause of action against other defendant having its domicile in county where suit was brought.

3. Pleading ⬅➞111—Evidence, on hearing on defendant's plea of privilege to be sued in county of its domicile in action for breach of contract for sale of oil against seller and subsequent purchaser, held insufficient to show cause of action against either.

In suit for damages for breach of contract to purchase oil brought against seller and subsequent purchaser, evidence on plea of privilege to be sued in county of its domicile entered by seller held insufficient to show cause of action against either defendant.

Appeal from District Court, Harris County; Roy F. Campbell, Judge.

Suit by Elliott Jones & Co., Inc., against the M. K. Towns Production Company and another. From an interlocutory order sustaining a plea of privilege entered by the named defendant, plaintiff appeals. Affirmed.

F. H. Booth and Clamp & Searcy, all of San Antonio, for appellant.

Andrews, Streetman, Logue & Mobley, of Houston (Palmer Bradley and H. P. Green, both of Houston, of counsel), for appellees.

PLEASANTS, C. J. This appeal is from an interlocutory order of the district court sustaining a plea of privilege to be sued in Caldwell county, the county of its domicile, presented by appellee in a suit brought by appellant against appellee and the Rio Bravo Oil Company, a corporation having its domicile in Harris county.

This suit was one to recover damages for the alleged breach by appellee of a contract by which it agreed to sell and deliver to appellant all of the oil to be produced by appellee from January 10, 1924, to March 1, 1924, on oil leases held and operated by it on lands situated in Caldwell county. After alleging the execution of the contract by appellee, plaintiff's petition alleges that, on or about the 22d of January, 1924, appellee and the Rio Bravo Oil Company—

"entered upon and formed a conspiracy between themselves, and, acting together to wrongfully and unlawfully deprive plaintiff of the benefits to accrue to it from the contract hereinafter set out, and to bring about and to cause said production company to breach and violate its contract with plaintiff, and to cause said production company to fail and refuse to comply therewith, and to deliver said oil to plaintiff as agreed, and to cause said production company to sell and deliver said oil to said oil company, after January 27, 1924, in violation and disregard of said contract and of plaintiff's rights thereunder and to cause said oil to its own use and benefit, to the great harm and detriment of plaintiff, so that said production company might and should receive for said oil a greater amount than plaintiff had agreed to pay for the same and a greater amount than said production company had agreed to accept, and to the end, further, that said oil company should make

large profits from its (the) resale thereof, to the damage of plaintiff, and that said production company should receive more for its said oil; that pursuant to and in furtherance of said conspiracy and to accomplish and bring about the wrongs and injuries contemplated and intended by them, the said defendants, acting together, did the following things: Both said defendants knew of the existence of the contract herein set out between plaintiff and said production company, and of plaintiff's rights thereunder, and, notwithstanding such knowledge, they began negotiations between themselves, having for their object and purpose the sale of said oil to said oil company, at and for a price to plaintiff unknown, and the resale thereof by said oil company. That said negotiations resulted, on or about the 25th day of January, 1924, in the making of a contract between said defendants, the exact terms and nature of which is unknown to plaintiff, and said defendants, and each of them, are notified to produce said contract on the trial of this cause or secondary evidence of its contents will be offered in evidence. Plaintiff alleges upon its information that by said contract said production company sold to said oil company, and said oil company purchased from said production company, all the oil to be produced from said Merriweather lease owned by the production company, all in furtherance of, and to carry out, said wrongful conspiracy between said defendants. That thereafter, from January 27, 1924, to the end of February, 1924, all said oil was delivered by said production company to said oil company, amounting in the aggregate to 44,711.85 barrels.

"Plaintiff alleges that it has been damaged by the said wrongful acts of the defendants in causing the breach, and in the breach and violation of its contract with said production company, pursuant to said conspiracy and the acts of the defendants jointly, as herein alleged, in the sum of $22,355.92, in that the price agreed to be paid by plaintiff for said oil was the sum of 75 cents per barrel, and the reasonable market value of said oil at the time and place where the same was to be delivered to plaintiff was the sum of $1.25 per barrel. And for this amount plaintiff prays the judgment of the court against both said defendants jointly and severally."

In the second count of the petition plaintiff alleged:

"Plaintiff, without repeating, reiterates all the facts hereinbefore set out, and further avers that, under and by virtue of its contract with the production company, it became, and was, the owner of all the oil produced from the Merriweather lease by the production company from and after January 26, 1924, and to and including the month of February, 1924, and that, in disregard of plaintiff's rights thereto, the defendants and both of them converted said oil to their own use and benefit, to plaintiff's damage in the sum of $22,355.92."

In due time appellee filed its plea of privilege, claiming its right under the statute to be sued in the county of its domicile. This plea contains all of the requirements prescribed by the statute, and expressly denies the existence of any of the exceptions named in the statute authorizing the maintenance of a suit in any county other than that in which the defendant resides.

In answer to this plea, appellant filed a controverting affidavit, alleging that the domicile of the Rio Bravo Oil Company was in Harris county, and reciting the allegations of its petition before set out, and claiming the right to sue appellant in Harris county under subdivision 4 of the Venue Statute (Rev. St. 1925, art. 1995), authorizing suits against two or more defendants to be brought in the county in which any of the defendants reside.

In reply to this affidavit, appellee by general demurrer challenged the sufficiency of controverting affidavit to show a cause of action against either of the defendants, and especially excepted to its sufficiency to show a cause of action against the Rio Bravo Oil Company, or a joint cause of action against both defendants.

Appellee further alleged under oath:

"And for further answer to plaintiff's controverting affidavit, if such be necessary, this defendant alleges as a fact that the defendant Rio Bravo Oil Company is not a proper party to this suit, and is not a real bona fide defendant against whom plaintiff expects or can prove a real bona fide cause of action, but such defendant was made a party to this action by plaintiff solely for the purpose of securing and retaining venue as to this defendant in this county, and defendant here and now puts plaintiff on strict proof that said codefendant Rio Bravo Oil Company is a proper party defendant against whom plaintiff has a real bona fide cause of action, and that such defendant was made a party to this suit solely for the purpose of securing and retaining venue in this court as to this defendant."

Upon the hearing of this plea the only evidence offered by appellant was the testimony of M. K. Towns, an officer of appellee company,. and two letters written by appellant confirmatory of the alleged contract upon which appellant's suit is based.

The first of these letters, omitting the names of the addressee and the writer, is as follows:

"Gentlemen: This will confirm 'phone conversation to-day with your Mr. Malcolm Towns, in which we purchased from you all the production from your wells in Caldwell county, Tex., for the rest of January and month of February, at 67½¢ per barrel, to be delivered in our pipe lines, at your lease. Other conditions of operating to remain as they now are.

"We are sending you this letter in duplicate. You will kindly sign an acceptance in space designed below, and return one copy to us."

This letter was dated January 10, 1924. The second letter, which is dated January 21, 1924, merely confirms an oral agreement by which the price of the oil was raised from 67½ cents to 75 cents per barrel.

Towns testified that he did not sign and return the duplicate of the confirmatory let-

ter, as requested therein, "because it was contrary to the contract." He also testified that his company owned and operated several oil leases in Caldwell county, one of which was on 20 acres of land known as the Merriweather lease, and that his company sold and delivered to appellant, under the contract sued on, all of the oil obtained from said lease up to the 26th of January, 1924, on which date his company sold and assigned the Merriweather lease to the Rio Bravo Oil Company. He further testified:

"The contract between myself and my company and the Elliott Jones Company was made subject to the condition that it would be canceled by me when I had an opportunity to sell the Merriweather lease. I reserved that right in the 'phone contract and the supplemental contracts. It was made with the condition that I could cancel the contract when I had an opportunity to sell the Merriweather lease. After the 26th day of January, the M. K. Towns Production Company did not produce any oil on the Merriweather lease. There was no oil produced on that lease after the 26th day of January by the M. K. Towns Production Company."

Appellee makes the following objections to our considering appellant's brief, and request for an affirmance of the judgment for the failure of appellant to file a sufficient brief:

"Appellee objects to a consideration of appellant's brief, and respectfully submits that this court is obligated to affirm the judgment granted below, for the reason that no assignments of error were filed in the court below, no assignments are contained in the transcript, nor are they contained in appellant's brief, and no question of fundamental error is raised.

"Appellee objects to a consideration of appellant's brief, for the reason that there is no conformity in the preparation of such brief to the rules as established by the Supreme Court. Such brief entirely omitted any assignments, omits any propositions, and it is practically impossible to determine just what questions are raised thereby."

As stated in these objections, there are no assignments of error in the transcript or in the brief, nor does the brief contain any proposition as required by the rules, or present any question of fundamental error.

[1] An unbroken line of authorities sustains appellee's contention that we are not required or authorized to consider a brief of this kind, and, in the absence of fundamental error appearing upon the face of the record, the judgment of the trial court must be affirmed. Reed v. Thomason (Tex. Civ. App.) 241 S. W. 518; Ford & Damon v. Flewellen (Tex. Civ. App.) 264 S. W. 602; Rountree v. Rowe (Tex. Civ. App.) 227 S. W. 715; Roberson v. Hughes (Tex. Com. App.) 231 S. W. 734; Reisenberg v. Hankins (Tex. Civ. App.) 258 S. W. 904; Smith v. Coburn (Tex. Civ. App.) 222 S. W. 344.

If, however, these objections to the brief should be waived, and we should consider the appeal on its merits, we could not do otherwise than affirm the judgment.

[2] In order for appellant to maintain its suit against appellee in Harris county over appellee's plea of privilege to be sued in the county of its domicile, the burden was upon appellant to at least make a prima facie showing of a bona fide cause of action against the defendant Rio Bravo Oil Company, which had its domicile in Harris county. Appellee's plea, which denied the existence of any of the exceptions to the statute guaranteeing its right to be sued in the county of its domicile required appellant to make a showing of facts which made the exceptions applicable. In the case of Coalson v. Holmes, 240 S. W. 896, 111 Tex. 502, our Supreme Court, speaking through Justice Greenwood, say:

"With the venue challenged, under proper plea * * * the burden not only to allege but to prove that the case is within one of the exceptions to the statute rests on the plaintiff."

[3] The evidence which we have before set out not only fails to show a cause of action against the Rio Bravo Oil Company, but, if true, shows that the appellant has no cause of action against either defendant. Of course, appellant was not required to try this case against appellee upon the hearing of the plea of privilege, and upon a trial of the case this evidence may be found to be untrue, but it is, we think, well settled that appellant could not require appellee to answer its suit away from the county of appellee's domicile without showing that facts existed which authorized the suit to be maintained in the county in which it was brought. Dallas Ry. Co. v. Kimberly (Tex. Civ. App.) 268 S. W. 1054; Frst Nat. Bank of Coleman v. Gates (Tex. Civ. App.) 213 S. W. 720; Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899; Hood v. Askey (Tex. Civ. App.) 270 S. W. 1047; Richardson v. D. S. Cage Co., 252 S. W. 747, 113 Tex. 152.

It follows from these conclusions that the judgment should be affirmed, and it has been so ordered.

Affirmed.