DE WITT et al. v. MASSACHUSETTS BONDING & INS. CO.   (No. 1919.)

(Court of Civil Appeals of Texas. El Paso. April 8, 1926. Rehearing Denied May 6, 1926.)

Pleading ⬥⟲111—In suit by surety against its indemnitors for premiums, which were payable in county of venue, and for other sums, denial of plea of privilege was error, where plaintiff introduced no proof of nonpayment of premiums (Rev. St. 1911, art. 1830, § 5; Vernon's Ann. Civ. St. Supp. 1918, art. 1903).

In suit by surety for premiums, which were payable in the county of venue, and for sums it was compelled to pay as surety, against its indemnitors and principal, denial of plea of privilege of indemnitors, under Rev. St. 1911, art. 1830, § 5, was error, where plaintiff introduced no proof of nonpayment of premiums, as, under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, plaintiff who sues defendant out of his county of residence must support the venue when it is challenged.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by the Massachusetts Bonding & Insurance Company against C. D. De Witt and others. From an order overruling a plea of privilege of the defendants other than J. C. Ray, those defendants appeal. Reversed and remanded, with instructions.

R. E. Bozeman, of Quitman, and Merritt & Leddy, of Dallas, for appellants.

L. E. Elliott and Burgess, Burgess, Sadler, Chrestman & Brundidge, all of Dallas, for appellee.

HIGGINS, J. J. C. Ray was a building contractor. To indemnify appellee upon bonds which it might execute as surety for Ray, the appellants De Witt, Crawford, Pope, and Sherwood executed and delivered to appellee a bond, the pertinent provisions of which read:

"1. That we will immediately pay the said surety at its office, in the city of Boston, Mass., or at Dallas, Tex., as it may elect, any and all premiums due or to become due on those bonds. * * *

"11. That we will at all times indemnify and save the said surety harmless from and against every and all claim, demand, liability, cost, charge, counsel fee, expense, suit, order, judgment or adjudication whatsoever which the said surety company shall or may for any cause at any time sustain or incur, by reason or in consequence of the said surety having executed said bonds or undertakings or either. * * * *"

This suit was filed by appellee in the district court of Dallas county against Ray and appellants to recover premiums alleged to be due on two bonds executed by appellee as surety for Ray, and also to recover certain sums which appellee alleged it had been compelled to pay as surety for Ray upon said bonds.

Ray filed a plea of privilege to be sued in Kimble county. The appellants filed like pleas to be sued in Wood county. Upon the hearing Ray's plea was sustained, and as to him the suit transferred to Kimble county. The plea of De Witt, Crawford, Pope, and Sherwood was overruled, from which order they appeal.

The affidavit of appellee controverting the plea of appellants sought to fix the venue in Dallas county, upon two grounds, viz.: (1) That their codefendant, Ray, resided in that county; (2) that by the first paragraph of the bond sued upon they contracted in writing to pay the premiums sued for in Dallas county.

The court found that Ray did not reside in Dallas county. Appellee relies upon section 5 of article 1830, R. S. 1911, which reads:

"Where a person has contracted in writing to perform an obligation in any particular county, in which case suit may be brought either in such county, or where the defendant has his domicile."

Upon the trial the appellee proved the payment of the sums alleged in its petition by virtue of its suretyship for Ray, but offered no

proof of any indebtedness due upon unpaid premiums. The proof made by appellee was insufficient to sustain the venue in Dallas county, because the contract sued upon did not make the moneys shown to have been paid out by appellee payable in Dallas county, nor was that set up in the controverting affidavit as a ground of venue.

It is now the settled law under article 1903, Vernon's Sayles' R. S. 1918, that, when a defendant sued out of the county of his residence challenges the venue by proper plea, it is incumbent upon the plaintiff to support the venue as laid by plea and proof. Coalson v. Holmes, 240 S. W. 896, 111 Tex. 502; Eyres v. Crockett State Bank (Tex. Civ. App.) 223 S. W. 268; Ray v. W. W. Kimball Co. (Tex. Civ. App.) 207 S. W. 351; Parker v. Ertel (Tex. Civ. App.) 266 S. W. 447; Randals v. Green (Tex. Civ. App.) 258 S. W. 528; McKean &. McNeal v. Martin (Tex. Civ. App.) 241 S. W. 782; Hood v. Askey (Tex. Civ. App.) 270 S. W. 1047.

The first section of the bond did not of itself show any existing obligation by appellants performable at Dallas, Tex. In order to show such an obligation, it was necessary to supplement the bond with proof that there were unpaid premiums due the surety.

This case is not like a suit upon a promissory note payable at a particular place. In a suit of that kind, where the issue of venue has been raised, the introduction of the note in evidence proves, not only the obligation sued upon, but also that it was performable at the particular place.

Under the authorities cited, and others which might be mentioned, appellee, by its failure to show any premiums due under the first section of the bond, failed to support the venue in Dallas county.

The order overruling appellants' plea is reversed, and the cause remanded, with instructions to change the venue as to appellants to Wood county.

Reversed and remanded, with instructions.