**BROWNE v. HEID BROS., Inc.   (No. 2212.)**

Court of Civil Appeals of Texas.   El Paso.
Dec. 20, 1928.

Rehearing Denied Jan. 10, 1929.

Hunter, Brown & Brooke, of El Paso, for appellant.

Harrison & Scott, of El Paso, for appellee.

PELPHREY, C. J. This is an appeal from an order overruling appellant's plea of privilege to be sued in Collin county, where he resides.

The averments of the petition, in brief, are to the following effect:

On July 3, 1926, defendant agreed in writing to sell plaintiff 20 cars of oats to be delivered in El Paso county at 33½ cents per bushel. The cars were shipped, but upon arrival at destination defendant refused to authorize delivery upon payment of the contract price and demanded payment at rate of 34½ cents per bushel, which plaintiff refused to pay, but later did pay said latter price and obtained the bills of lading, upon defendant's promise to adjust the price and reimburse plaintiff upon the basis of the contract price. There were 33,704 bushels in the cars, upon which defendant overpaid at the rate of one cent per bushel, making a total of $337.04, which defendant refused to pay, for which plaintiff sued with interest from July, 1926.

In addition to said 20 cars, plaintiff bought other cars of grain from defendant during July, August, and September, 1926, on the basis of guaranteed weights and grades at destination in El Paso county, defendant agreeing to make good any shortage in weights upon the basis of the contract price. That such cars arrived at destination in El Paso short in weight, the shortage in each car being stated, and at the contract price amounted to $250.44, upon which a credit of $19.95 was admitted, leaving a balance of $230.49, for which, with interest, plaintiff also sued.

Appellant's plea of privilege was in due form.

The controverting affidavit is in three par-agraphs, which may be summarized as follows:

1. With respect to the 20 cars purchased under the contract of July 3, 1926, it was averred that same were to be delivered in El Paso county, weights and grades guaranteed at destination, and that such contract was in writing. This paragraph is irrelevant and need not be further considered, for the reason the cause of action stated in the petition as to said cars is in no wise based upon alleged shortage. Neither in the petition nor the controverting affidavit is any shortage of weight in said cars alleged.

The suit to recover the $337.04 is based upon the alleged promise to reimburse plaintiff for the overpayment of one cent per bushel on the first 20 cars.

A ground of venue stated in the controverting affidavit, which is foreign to the cause of action as declared upon in the petition, obviously will not defeat the plea of privilege. Witting v. Towns (Tex. Civ. App.) 265 S. W. 410.

2. This paragraph relates to the overpayment of $337.04, and alleges defendant agreed to repay the same at El Paso, Tex.

3. This paragraph relates to the item of $230.49 for shortage in weight on the cars shipped subsequent to the first 20. It was alleged plaintiff guaranteed weight at El Paso, and same arrived short in weight, as set up in the petition.

In view of the findings of fact made by the trial court, we do not know of any theory upon which the plea of privilege could have been overruled. Tested by those findings the judgment of necessity was erroneous. Appellee recognizes this, for it does not attempt to sustain the judgment upon the findings. On the contrary, it asserts that some of the findings are contrary to the undisputed evidence; it excepted to the findings and cross-assigns error thereto.

Appellee asserts, in effect, that, notwithstanding the contrary findings by the trial court, the undisputed evidence shows that the proper judgment was rendered; hence no reversible error.

There is no conflict in the evidence and we pass direct to the controlling questions presented by the pleadings and the evidence.

The effect of the first paragraph of the controverting affidavit has already been considered.

As to the second paragraph, the evidence shows that upon arrival of the 20 cars appellee paid the drafts and took up the bills of lading upon the promise of defendant to repay the overcharge. This promise is evidenced by two telegrams from appellant to appellee, which read:

"Pay bill drafts mail copies from telegraph showing our quotation arrived thirty three half cents will mail check difference."

"Replying if you don't have any more confidence in us not to think we will do what we say then don't deal with us and we will take charge of oats there now if your statement about price being thirty three half correct we good for our contracts will remit by check only three cars shipped yet any way on contract twenty cars you claim purchased that price pay drafts loading more when correction received will protect thirty three half price satisfying you will pay no demurrage or reconsigning charges."

It is the position of appellee that the promise to "mail check difference" in the first telegram and to "remit by check" in the second constitutes a written promise to pay in El Paso, and therefore the suit is maintainable in El Paso county under subdivision 5 of the venue statute. Article 1995, R. S. "The defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provision." Lasater v. Waits, 95 Tex. 555, 68 S. W. 500.

This ruling has been repeatedly followed. If defendant had mailed check or remitted by check as he agreed to do he would have done all he agreed to do by mailing the check at the point in Collin county where he was engaged in business. He promised to do nothing elsewhere, and it would be a strained construction of subdivision 5 of the venue statute to hold that it covers a promise of that kind. If so, every written order for merchandise accompanied by a promise to remit to cover the purchase price might be sued upon by the seller in the county of the point to which the remittance was to be made. We do not regard the promises indicated as being within the meaning of said subdivision 5.

■ Passing to the third paragraph of the controverting affidavit, the undisputed evidence shows, as appellee contends, that the cars in which it is alleged there was a weight shortage were handled under shipper's order, bills of lading, notify Heid Bros. These bills were attached to drafts drawn by appellant, which were handled by banks in the unusual manner. The drafts were paid by Heid Bros., and the bills in that manner acquired by them.

It is asserted by appellee under the authority of Marcus v. Armer (Tex. Sup.) 5 S.W.(2d) 960, Berlowitz v. Standley (Tex. Sup.) 5 S.W. (2d) 963, and Malone v. Dawson (Tex. Sup.) 5 S.W.(2d) 965, the bills of lading constituted written contracts on the part of appellant to deliver oats at El Paso of such weights and grades as would be worth at the contract price, the amount of the drafts. This contention is sound, but showing such contracts alone does not discharge the burden imposed upon appellee of showing venue in El Paso county.

It was incumbent upon appellee, not only to prove such written contracts, but also to prove prima facie a breach thereof. Coalson v. Holmes, 111 Tex. 502, 240 S. W. 896; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Elliott Jones & Co. v. M. K. Towns Production Co. (Tex. Civ. App.) 283 S. W. 246; De Witt v. Massachusetts, etc. (Tex. Civ. App.) 283 S. W. 588; Thompson v. Pickett & Golightly (Tex. Civ. App.) 288 S. W. 256; Neyland v. Benson (Tex. Civ. App.) 292 S. W. 251. There is no evidence whatever of any shortage in weights. Therefore, no breach of the contract was shown for which an action might be maintained in El Paso county or anywhere else.

■ Again, the controverting affidavit with respect to the guaranty of weights at destination nowhere avers that the contract was in writing. It was necessary, not only to aver the contract of guaranty, but that it was in writing. Under subdivision 5 of article 1995, R. S., a defendant may be sued outside the county of his residence only upon *written contracts* performable where the suit is brought. The burden was upon appellee to affirmatively allege in the controverting affidavit a contract in writing performable in El Paso county. Coalson v. Holmes, and other cases cited above.

The cases cited by appellee in this connection have no application. So neither under the pleading nor evidence did appellee discharge the burden resting upon it with respect to the suit for the alleged shortage in weight.

Reversed and remanded, with instructions to change the venue to Collin county.