## FARMERS' SEED & GIN COMPANY, INCORPORATED v. H. C. BROOKS.

No. 6091.   Decided April 24, 1935.
Rehearing overruled May 22, 1935.
(81 S. W., 2d Series, 675.)

*Moore & Moore,* of Paris, for appellant.

On the proposition that it is one's privilege to be sued in the county of his residence. Corn v. Wilmeth, 45 S. W. (2d) 329; Craig v. Pittman & Harrison Co., 250 S. W., 667; Todd v. Jamar Seed Co., 252 S. W., 256.

Plaintiff's original petition did not allege a written contract performable by its term in Dawson County, and did not allege a cause of action which arose in said county. Greenville Gas & Fuel Co., 298 S. W., 550; World Co. v. Dow, 116 Texas, 146; Berry v. Pierce Pet. Corp., 39 S. W. (2d) 824.

*Carl Rountree & Phillip Yonge,* of Lamesa, for appellee.

The affidavit of plaintiff contesting defendant plea of privilege was sufficient in that it showed that the defendant was a corporation and that plaintiff's cause of action or a part of said cause of action arose in Dawson County. Patterson v. Smith Bros. Grain Co., 252 S. W., 1058; Higginbotham-Bailey, L. & Co., v. Hancock, 4 S. W. (2d) 585; Griffin v. Linn, 3 S. W. (2d) 149.

MR. JUDGE TAYLOR delivered the opinion of the Commission of Appeals, Section B.

The questions certified arose upon trial of defendant's plea of privilege to be sued in the county of its domicile, Lamar County. The suit in which the plea was interposed was filed by plaintiff in Lamesa, Dawson County. Defendant Gin Company after having sold to plaintiff a car load of cottonseed drew draft upon him bill of lading attached. Plaintiff upon arrival of the car paid the draft and received the seed. He then filed suit alleging the shipment to be impregnated with cocklebur seed, and inferior in quality to that contracted for by the parties.

The Honorable Court of Civil Appeals for the Eleventh Supreme Judicial District presents two certified questions. The statement, in part, and questions are:

"Plaintiff seeks to hold the venue of the suit in Dawson County under exceptions 5 and 23 to the general venue statute as set out in Article 1995 R. S. of Texas. * * * We consider the pleadings of the respective parties, the plea of privilege, the controverting affidavit, etc., suffcient to present the controlling issues based upon the * * * exceptions * * *. Accord-

ing to the pleadings and the testimony the lawsuit grows out of a transaction between the parties * * *," as above stated. The consignment was "to shipper's order, notify Brooks." "The defendant company drew a draft upon the purchaser Brooks for the price of the cottonseed and to the draft was attached the order bill of lading. The draft was paid in Lamesa, Texas, by Brooks, and upon its being paid the bill of lading was delivered to Brooks by the local bank through which the transaction was handled at that place. Brooks presented the bill of lading to the railroad company, whereupon possession of the car of cottonseed was delivered to him.

"This is substantially the transaction pleaded by plaintiff Brooks, and it appears to reflect the contract and understanding between the parties, and what was done in pursuance of the contract with reference to the delivery of the shipment and the payment of the draft. Such set of facts seem to constitute a written contract performable in the county in which the shipment is received and delivered to the purchaser, and we are constrained to hold that, upon such a showing, the plaintiff discharged the burden resting upon him to prove facts sufficient to establish an exception to the general venue statute and bring the case within the exception contained in subdivision 5 and 23 respectively. The opinion in Davis v. Texas Life Ins. Co., 22 S. W. (2d) 960; Pittman & Harrison Co. v. Sanders, 234 S. W., 412; Harris, et al. v. San Antonio & A. P. Ry. Co., 221 S. W., 1118, (last paragraph) and other authorities of like import among our decisions, would seem to authorize such a holding and bear out the contention of the appellee, which is succinctly stated in his brief in this language:

"We very strongly take issue with the appellant that appellee (Brooks) was required to prove his cause of action upon the hearing of the plea of privilege, and in doing so called the court's attention to that part of the statute which directs the contents of a controverting answer, as follows:

"Setting out specifically the fact or facts relied upon to confer venue of such cause. 'In this case the plaintiff did not rely upon the breach for venue, but relied upon statutory exceptions for venue in Dawson County, Texas, * * *.'

"The defendant's contentions are clearly reflected by this excerpt from its brief:

'According to the law as announced in the above cited authorities, and many others of similar import, we respectfully submit that the court must hold that the plaintiff's proof intro-

duced upon the hearing of the plea of privilege was fatally insufficient in that it showed no cause of action, prima facie or otherwise, against the defendant suable in Dawson County; *that is to say, the plaintiff introduced no evidence of any authorized breach upon the defendant's part of the sales contract.'* (Italics ours).

"In support of this contention the defendant cited numerous authorities, among them Browne v. Heid Bros., Inc., 12 S. W. (2d) 587; DeWitt v. Massachusetts Bonding & Ins. Co., 283 S. W., 588.

"In the first case, Heid Bros., Inc., undertook to hold venue of the suit against Browne in El Paso County under and by virtue of Exception 5. The facts of that case are quite similar to the facts involved in the instant case, and the testimony admittedly showed a written contract to deliver the oats in El Paso County, but the court reached this conclusion on the testimony:

'This contention is sound, but showing such contracts alone does not discharge the burden imposed upon appellee of showing venue in El Paso County.

'It was incumbent upon appellee, not only to prove such written contracts but also to prove prima facie a breach thereof.'

"The two authorities last cited clearly sustain the defendant's contentions.

"From the excerpt above taken from the plaintiff's brief it appears to be conceded that there was introduced upon the trial of this plea of privilege no evidence of the breach of the written contract, etc. After an examination of the testimony we conclude that, although a written contract by the defendant, performable in Dawson County, is established by the testimony, there is no evidence that the contract was breached; that is, there is no evidence that the cottonseed purchased for planting purposes was impregnated with cockle-burs and therefore valueless to the plaintiff, or of less value to him than the seed contracted for would have been.

"Plaintiff's petition, however, contains sufficient allegations to constitute a basis for recovery of the damages claimed, and each of the litigants, in making his respective contentions herein, does so in view of the opinion of our Supreme Court in Marcus v. Armer, 117 Texas, 368, 5 S. W. (2d) 960, to the effect that goods sent shipper's order, bill of lading and draft attached, notify purchaser's etc., evidences a written obligation of seller to deliver the contemplated product to the

purchaser who takes up the draft, receives the bill of lading and the shipment of goods by virtue thereof, etc.

"Whether the record be viewed from the standpoint of exception 5 or exception 23, it is barren of any testimony disclosing damages. From the cases above cited, as well as others to be found in the briefs of the respective parties, it is apparent that there is conflict and much confusion in the authorities as to what is necessary to be proved on the trial of a plea of privilege to enable the plaintiff to sustain venue in a county other than the defendant's residence, under exceptions 5 and 23 to the general venue statute. This court was inclined to the view that it was only necessary to show the existence of the written contract performable in such county, as held in the Davis and Pittman cases first above cited. Therefore, in view of the present state of the authorities on the question, and under the pleadings and testimony detailed, all of which are referred to and made a part of this certificate, we desire to propound to Your Honors the following questions:

"*First:* The pleadings and the testimony being sufficient to show that the defendant, at the time of entering the contract with the plaintiff, and at the time of the shipment and delivery of the cottonseed, was a corporation, and that the cause of action, if any, arose, in part at least, in Dawson County, Texas, was it necessary in the trial on the plea of privilege for the plaintiff to go further under exception 23 and prove the elements of the lawsuit entitling him to a recovery, including the damages claimed to accrue to him from the alleged breach of the contract?

"*Second:* Under the record above set out, and under the circumstances set forth in the above question, and in view of the claim of venue under exception 5, was it incumbent upon the plaintiff, not only to prove such written contract, but also to prove a breach thereof in order to sustain venue under said exception?"

The second question will be answered first. Article 1995 R. S. provides that "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile * * *." To this general statutory rule some thirty exceptions are made and set out in as many different subdivisions of the article. The provision of the article as it relates to subdivisions 5 is that no person shall be sued out of the county where he is domiciled, unless he "has contracted in writing to perform an obligation in a particular county."

1 Distinction should be noted at the outset between a trial

upon a plea of privilege and a trial upon the merits of a case. The former is to determine whether the complaining defendant is suable on the transaction involved, where plaintiff filed the suit; the latter to determine defendant's liability on the transaction. The language of article 1995 is that "no person shall be *sued* out of the county" of his domicile unless, etc. (Italics ours). It does not contemplate that on a hearing on plea of privilege any matters shall be tried other than such as are necessary to determine whether defendant is suable where the suit is filed. Article 2007, R. S. provides that if plaintiff desires to resist the plea of privilege, he shall file a controverting plea under oath, setting out specifically the facts "relied upon *to confer venue* of such cause on the court where the case is pending." (Italics ours). The issue of venue, not liability, is thereby raised, when the affidavit is filed.

The language of exception 5 makes clear that as applied to this case' the venue issue is whether defendant "contracted in writing to perform," the obligation in question in Dawson County.

2 It is settled that in order to sustain venue of a suit in a particular county under exception 5, the written contract sued upon must alone be looked to in determining whether it is performable in that county; and if it does not expressly or by necessary implication provide for the performance of the obligation sued upon in the county of the suit, venue is improperly sustained. Stribling et al v. Amer. Sur. Co. of N. Y., 41 S. W. (2d) 300, and cases there cited. Parol testimony may be admitted only in event of ambiguity, or incompleteness of the words of the writing. Allison & Sons v. Hamic (Com. App.), 260 S. W., 1037.

3 What is the evidential effect of the bill of lading in question here? It is stated in Malone et al v. Dawson et al, 117 Texas, 377, 5 S. W. (2d) 965, that the Supreme Court had theretofore decided in Marcus v. Armer, 5 S. W. (2d) 960, on certified question, that where a seller consigns goods under a "shipper's order notify" bill of lading attached to a draft drawn by the seller on the buyer for the purchase money at the good's destination, the seller obligates himself in writing to deliver the goods at destination. In this connection the court speaking through Justice Greenwood in Marcus v. Armer, says:

"There can be no question that the sellers intended the buyer to understand the draft and bill of lading as covering the goods contracted to be sold and delivered and not goods of

inferior grade or quality. Nor can there be any reasonsable doubt that the buyer understood the draft and bill of lading, at the time he paid the draft, as representing the goods contracted to be sold and worth at the contract price the amount of the draft. A writing ought certainly to be interpreted to mean what all parties to it intend and understand it to mean. So interpreting the draft and bill of lading, they evidence a written obligation on the part of the sellers to deliver the goods involved in the contract of sale in Travis County. For a breach of that obligation, suit was maintainable in Travis County, under subdivision 5 of article 1995 of the Revised Statutes 1925."

The Supreme Court in answering the question certified, holding as stated in the foregoing excerpt, sustained Seley v. Williams, 20 Texas Civ. App., 405, 50 S. W., 400, which, as stated by the court, had theretofore been frequently followed, citing Callender v. Short, 34 Texas Civ. App., 364, 78 S. W., 367; Grayson County National Bank v. Nashville C. & St. L. Ry. Co. (Tex. Civ. App.), 79 S. W., 1094; Planter's Co. v. Whitesboro Cotton Oil Co. (Tex. Civ. App.), 146 S. W., 225; Keller v. Mangum (Tex. Civ. App.), 161 S. W., 20; Harris v. Salvato (Tex. Civ. App.), 175 S. W., 802; People's Ice Co. v. Interstate Cotton Oil Co. (Tex. Civ. App.), 182 S. W., 1163, wherein writ of error was denied by the Supreme Court; Pittman v. Sanders (Tex. Civ. App.), 234 S. W., 412; Malloy v. Industrial Cotton Oil Co (Tex. Civ. App.), 238 S. W., 984.

In the case certified the suit filed is shown to be maintainable in Dawson County, unless, as contended by the Gin Company, it was incumbent upon plaintiff upon trial of the plea of privilege to prove a breach of the contract. A statement of the issue to be tried virtually answers the question. It is whether defendant had "contracted in writing to perform" its obligation in Dawson County. The fact as to whether there was a breach of the contract will be vital in the trial upon the merits, but it is not pertinent to the issue as to where the contract is performable. The legislature incorporated nothing in the statute indicating that it is not applicable to a suit upon breach of contract. In its last analysis appellant's attention is reduced to the proposition that the exception does not apply to such suits. The language of the exception is "if a person has *contracted* to perform." The venue issue is did he *"contract* to perform the obligation"? The evidence of breach bears upon the issue of *whether* he performed the obligation, not *where he*

*contracted* to perform it. Such evidence has no place in the venue hearing.

In Bradley v. Trinity State Bank (Com. App.), 118 Texas, 274, 14 S. W. (2d) 810, suit was upon a promissory note payable in Trinity, Texas. Plaintiff brought suit in Trinity County. Defendant filed plea of privilege to be sued in Harris County where she resided. The bank filed controverting affidavit alleging the execution of the note by defendant payable in Trinity County. Upon hearing of the plea of privilege, questions arose as to the admissibility in evidence of certain facts bearing upon the merits of the case. The trial court excluded the evidence. The Court of Civil Appeals upon motion for rehearing, certified to the Supreme Court two questions: First, whether the trial court erred in refusing to permit defendant to testify as to her coverture and as to the purposes and considerations for which the note was executed; and second, whether the court erred in overruling the plea of privilege in the absence of evidence of plaintiff's ownership of the note. Both questions were answered in the negative, Judge Harvey, speaking for the Commission, saying:

"The note was executed by the appellant. Its terms purport a valid obligation, and an undertaking by the appellant to perform that obligation in Trinity, which place is shown to be in Trinity County. By virture of subdivision 5 of article 1995 of the statutes, these facts, of themselves, fix in that county the venue of the action of the note. The ownership of the note, and the validity of the obligation evidenced thereby, are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue."

To the same effect are Harris et al v. San Antonio & A. P. Ry. Co., 221 S. W., 1118 (last paragraph); Pittman v. Sanders, 234 S. W., 412; Coco-Cola Bottling Co. v. Way Engineering Co., 18 S. W. (2d) 251; Davis v. Texas Life Ins. Co., 22 S. W. (2d) 960; Brown v. Cox, 53 S. W. (2d) 848; McCormick v. West Texas Lumber Co., 55 S. W. (2d) 191; Thomason v. Haskell Nat. Bank, 56 S. W. (2d) 242; A. Harris & Co. v. Cook, et ux., 62 S. W. (2d) 205; Reagan Co. Purchasing Co. et al v. State, 65 S. W. (2d) 353.

In Browne v. Heid Bros., (12 S. W. (2d) 587) referred to in the certificate, the court states appellee's contention is sound that the bills of lading there involved constituted written contracts to deliver oats at El Paso of such weights and grades as would be worth the contract price, but that "showing such

contracts alone did not discharge the burden imposed upon appellee of showing venue in El Paso County." It is further stated that it was "incumbent upon appellee, not only to prove such written contracts, but also to prove *prima facie* a breach thereof," citing Coalson v. Holmes, 111 Texas, 502, 240 S. W., 896; Richardson v. D. S. Cage Co., 113 Texas, 152, 252 S. W., 747; Elliott Jones & Co v. M. K. Towns Production Co. (Tex. Civ. App.), 283 S. W., 246; DeWitt v. Massachusetts, etc. (Tex. Civ. App.), 283 S. W., 588; Thompson v. Pickett & Golightly (Tex. Civ. App.), 288 S. W., 256; Neyland v. Benson (Tex. Civ. App.), 292, S. W., 251.

The foregoing cases cited in support of the statement will be examined briefly. Coalson v. Holmes involved exception 7 which provides that "in all cases of fraud * * *, suit may be brought in the county in which the fraud was committed * * *." It is apparent that the venue question there involved is whether the suit brought presents a "case of fraud," and is essentially different from the question here presented under exception 5. The case, however, sustains the holding here made that the burden resting upon plaintiff under his controverting plea is to prove, not his case, but "that the *case is within one of the exceptions*" to the statute. (Italics ours). Richardson v. Cage Co. involves exception 4, which has to do with the venue question raised when two or more defendants are sued. Elliott Jones & Co. v. Towns Production Co. likewise involves exception 4 and is not in point. In DeWitt et al v. Massachusetts etc., the court states "the first section (the section relied upon) of the bond did not show any existing obligation by appellants performable at Dallas, Texas," and properly held upon the showing made that plaintiff's burden was not met. In Thompson v. Pickett & Golightly, appellees relied upon exceptions 4 and 7. For reasons already stated, in view of the nature of the exceptions, the case is not in point. However, its holding is not at variance with any holding made herein. In Neyland v. Benson, exception 7 is relied upon, and the question of the quantum of proof necessary to make a "case of fraud" within the venue statute is discussed. Neither this question nor this exception is before us, and the question is not here decided.

It was not incumbent upon plaintiff to prove a breach of the contract. As stated in Davis v. Texas Life Ins. Co., 22 S. W. (2d) 960, "To hold otherwise would, in effect, defeat the very purpose of the venue statute, and practically compel the litigant to try his case upon its merits in a hearing upon a plea of privilege." It may well be added that laxity in observ-

ance of this rule is conducive to conducting exploring expeditions on such hearings, and to efforts to elicit facts in advance of a trial on the merits, which are more properly procurable by deposition.

The second question is answered in the negative.

The first question inquires whether it was necessary in the trial on the plea of privilege for plaintiff, in order to maintain venue in Dawson County under exception 23, after showing the cause of action in part arose there, to go further and prove the elements of the lawsuit entitling him to a recovery, including the element of damages.

That part of exception 23 pertinent here reads: "Suit against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose."

4 The answer to the second question in effect answers the first. It is stated in the question certified that the testimony on the hearing was sufficient to show that defendant, at the time the contract was made, and at the time of shipment and delivery, was a corporation; and that the cause of action, if any, arose in part, in Dawson County. It is not contended that the contract was not made. The denial is that it was made performable in Dawson County; also, that it was breached. It having been shown that the issue of breach is not pertinent on the plea of privilege hearing, only the question as to whether the cause of action "in part" arose in Dawson County, remains to be determined in order to ascertain whether venue arose in that county under exception 23. If the alleged cause of action had not been upon a contract in writing performable in a particular county, another question would be presented. It appearing from the certificate that the cause of action upon the contract arose "in part" in Dawson County the first question is answered in the negative.

Opinion adopted by the Supreme Court April 24, 1935.

Rehearing overruled May 22, 1935.