## U. S. MACHINE SHOP, Inc., v. FITZGERALD & HAWTHORNE et al.

### No. 13465.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 4, 1936.

Bruce Greenwood, of Wichita Falls, for appellant.

Kay & Akin, of Wichita Falls, for appellees.

SPEER, Justice.

This appeal involves pleas of privilege. U. S. Machine Shop, a private corporation, sued Fitzgerald & Hawthorne, a copartnership, and Pat Fitzgerald and H. J. Hawthorne, as the sole members of the copartnership, jointly and severally, and the Hawthorne Bit & Tool Company, a corporation, alleging that the plaintiff had its domicile and principal place of business in Wichita county, Tex., and that the individual defendants resided in Montgomery county, Tex. On account of there being several defendants, it will be more convenient for us to refer to the parties as plaintiff and defendants, as they appeared in the trial court, in so far as we can do so in discussing the question involved.

Plaintiff sued all the defendants in Wichita county, Tex., on an open account, alleged to have been incurred for the manufacture by plaintiff of certain bits and well drilling equipment on an oral contract between plaintiff and Pat Fitzgerald and H. J. Hawthorne.

There were general allegations that "the defendants and each of them became bound to pay plaintiff on demand the sum of $985.20, which was the reasonable value and worth of the goods, wares and merchandise." Plaintiff's petition further stated: "The original account was made and consummated by the partnership of Fitzgerald & Hawthorne, and that thereafter said partnership was duly incorporated under the laws of the State of Texas as Hawthorne Bit & Tool Company, and that each of the defendants hereto is jointly and severally obligated to pay this account."

By a supplemental petition it was further alleged that the debt sued on grows out of a verbal contract between plaintiff and defendants whereby the defendants agreed and promised to pay plaintiff the amount sued for, in consideration of the manufacture and delivery by plaintiff of the bits previously ordered by defendants, and that the contract price had been reduced by payments until only $342.14 was unpaid. Further allegations were made "that defendants have promised plaintiff in writing to pay the amount set out in said verified account and attached to plaintiff's petition."

Each of the defendants timely filed pleas of privilege, claiming their respective rights, if sued at all, to be sued in Montgomery county, Tex., the residence of each individual defendant and the domicile of the corporation defendant.

Within proper time plaintiff filed its controverting affidavit, and, so far as is important to here mention, reads: "That the defendant, Hawthorne Bit & Tool Company is a corporation duly incorporated under the laws of the State of Texas, and that the plaintiff, U. S. Machine Shop, Inc., is and was engaged in Wichita County, Texas, manufacturing different articles for sale, including the goods, wares and merchandise, which is the subject matter of this suit, as more fully alleged in plaintiff's original petition * * * which petition and the first supplemental petition is hereby adopted as a part of this plea. That all the said merchandise sold by plaintiff to defendant corporation, and all other defendants herein as alleged in said petition was sold and delivered in Wichita County, Texas, upon orders delivered to plaintiff in Wichita County, Texas; and that none of the transactions involved in this law suit occurred in Montgomery County, Texas, or in any other county of Texas, and that plaintiff therefore says that the cause of action herein sued on arose in Wichita County, Texas, and the defendant Hawthorne Bit & Tool Company, being a corporation, as hereinbefore alleged, the venue is properly laid in Wichita County, Texas, and that said plea should be overruled as to the Hawthorne Bit & Tool Company."

The controverting plea further stipulated that the pleas of the other defendants should be overruled because they and each of them had promised by letters in writing to pay the debt to plaintiff in Wichita county, Tex. This allegation was abandoned by plaintiff on appeal, since no error was assigned or presented by it to this court on this point.

The issue of venue was thus made by the pleadings. Upon hearing the testimony offered at the trial, the court sustained the pleas of privilege and ordered the case transferred to the county court of Montgomery county, Tex. We think the court's ruling was correct.

The pleadings of plaintiff must be construed most strongly against it, and, while it is true there were allegations that "defendants" (which included the corporation) and each of them contracted with plaintiff for bits manufactured by plaintiff and promised to pay therefor, yet it was specifically alleged, as shown above, that the original account was made and consummated by the partnership of Fitzgerald & Hawthorne and that thereafter a corporation was formed known as the Hawthorne Bit & Tool Company; but no allegation of facts is shown of how or when the newly formed corporation became liable for the payment of the debt, it is only alleged "that each of the defendants is jointly and severally obligated to pay this account." These constituted only conclusions of the pleader. No demurrer was presented to the sufficiency of the controverting plea, and we must dispose of the case on other grounds shown by the record.

The testimony offered by plaintiff in support of venue in Wichita county, Tex., consisted of uncontroverted evidence that the

**678**

copartnership of Fitzgerald & Hawthorne was incorporated in August, 1933, as "Fitzgerald & Hawthorne, Inc.," and during 1934 had its corporate name changed to "Hawthorne Bit & Tool Co.," also an agreement of the parties shown in the statement of facts which reads: "It is agreed between the plaintiff and defendants that the bits for which suit is brought and which verified account sets out the prices that defendants agreed to pay plaintiff for, were manufactured pursuant to an oral contract between plaintiff and defendant, whereby plaintiff was to manufacture the bits for the defendants in Wichita County, Texas, for the defendants Fitzgerald & Hawthorne, a partnership, and that such bits were manufactured in Wichita County, Texas, and delivered to the defendants, Fitzgerald & Hawthorne."

In proceedings of this character neither the trial court nor this court is called upon to determine if, under the pleadings and proof, the plaintiff could or should recover in the action on its merits; but only the issuable facts on venue are before the court. Farmers' Seed & Gin Co. v. Brooks, 125 Tex. 234, 81 S.W.(2d) 675.

That part of article 2007, Rev.Civ.Statutes, applicable to controverting affidavits to pleas of privilege, reads: "If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

If it can be said the controverting plea set out any specific fact or facts relied upon to confer venue on the court where the suit was pending, it must be that part alleging Hawthorne Bit & Tool Company is a corporation and that a part of the cause of action arose in Wichita county, Tex. It will be remembered the cause of action arose between plaintiff and the copartnership of Fitzgerald & Hawthorne, and that no contractual relation of any kind ever existed between plaintiff and the corporation. We have not been cited to any decision, nor have we found any, which would extend the rule far enough to give the district court of Wichita county venue of a subsequently formed corporation to enforce a debt of another person or persons, more especially when there was no such venue as against the person or persons who contracted the debt. For aught we know, the corporation may be owned by many persons other than Hawthorne and Fitzgerald, and there is neither allegation nor proof that Hawthorne Bit & Tool Company ever assumed the payment of the obligations of Hawthorne and Fitzgerald to plaintiff, unless it could be said by letters written in 1933 by Hawthorne & Fitzgerald, Inc., there was an assumption of the debt, but we doubt if the letters mean this. The most that can be said of the testimony offered, Hawthorne & Fitzgerald, a copartnership, formed a corporation subsequent to incurring the debt with plaintiff. If it be said that such funds as the individual partners put into the corporation were such as plaintiff was entitled to look for payment of its debt, then the corporation would be no more than a trustee to the extent of the funds thus invested, and subject to being sued as such trustee for that amount.

To indulge the presumption that the funds of Hawthorne and Fitzgerald to which plaintiff was entitled went into the capital stock of the corporation, and it became liable as trustee to that extent, it would not follow that plaintiff could acquire venue of the corporation as trustee, when it had no right to sue the individuals in Wichita county.

We have made mention of all the facts proven in support of venue in the case, and we find it falls short of overcoming the presumptions indulged by law when a plea of privilege is properly filed. The testimony showed Hawthorne & Fitzgerald had formed a corporation after they had incurred the debt sued on by plaintiff. In so far as venue facts are concerned, the testimony stopped there. Brown v. Neyland (Tex.Civ.App.) 62 S.W.(2d) 227.

Plaintiff's single assignment of error, challenging the ruling of the court on defendants' several pleas of privilege, is overruled, and the judgment of the trial court is affirmed.